■ VICTOR H. POTAMKIN, Respondent, v JACK G. SCHWARTZ, Appellant. [618 NYS2d 217] —Order, Supreme Court, New York County (Richard B. Lowe, III, J., upon decision of Peter Tom, J.), entered on or about February 1, 1994, which granted plaintiff summary judgment on his cause of action, unanimously affirmed, with costs.

The IAS Court correctly found that the stock repurchase agreement in issue is unambiguous, and that parol evidence is therefore inadmissible to show any unstated intentions concerning the financial condition of the company or plaintiff's participation in its management and promotion of its business (W.W.W. Assocs. v Giancontieri, 77 NY2d 157, 162). We also note that defendant was a sophisticated, counseled businessman (see, Chimart Assocs. v Paul, 66 NY2d 570, 571), whose own attorney drew the clause requiring his repurchase of the shares he sold to plaintiff. Concur—Wallach, J. P., Asch, Rubin and Williams, JJ.

■ MARY KEANE, Appellant, v CITY OF NEW YORK et al., Respondents, et al., Defendants. [617 NYS2d 323] —Order, Supreme Court, New York County (Jane S. Solomon, J.), entered on or about November 10, 1993, granting the motion of defendant-respondent Arturo's Park, Inc. and the cross motion of the remaining defendants-respondents for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The IAS Court properly concluded that plaintiff had failed to establish a prima facie case of negligence. It is well settled that an owner of property owes no duty to pedestrians to remove ice and snow that naturally accumulates upon the sidewalk in front of his premises unless it is shown that the owner made the sidewalk more hazardous (Stewart v Haleviym, 186 AD2d 731). Since there was no showing that either the tenant of the premises or its owners/managing agent created a dangerous condition on the abutting sidewalk or even made any attempt to remove the snow and ice before the accident occurred, those parties could not have been liable (supra, at 732). Concur—Wallach, J. P., Asch, Rubin and Williams, JJ.