■ JOSEPH MURASKIN et al., Appellants, v 260 APARTMENTS CORP., Respondent. [651 NYS2d 295] —Order, Supreme Court, New York County (Herman Cahn, J.), entered on or about September 8, 1995, which, *inter alia*, granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

Plaintiffs, experienced investors, purchased the apartments with knowledge of the existence of numerous violations. Plaintiffs adduce no proof in support of their allegation that defendant's delay in curing the violations was conscious and deliberate and undertaken with full knowledge of the adverse economic consequences to nonresident shareholders; on the contrary, defendant demonstrated that it considered both the finances of the building and the convenience of the shareholders in undertaking a feasible program to cure the violations. Plaintiffs' challenge to defendant's request under the counterclaim is improperly raised for the first time on appeal, and we decline to consider it. Concur—Milonas, J. P., Rubin, Kupferman and Nardelli, JJ.

■ SING PING CHEUNG, Appellant, v CITY OF NEW YORK, Respondent. [650 NYS2d 687] —Judgment, Supreme Court, New York County (Jane Solomon, J.), entered on or about May 5, 1995, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendant established that it was under no obligation to shovel the snow and ice where the meteorological evidence established there had been two snow storms three days before plaintiff slipped and fell over an icy manhole cover, glazed conditions on the day before the fall, and below freezing temperatures on the day of the fall (*Valentine v City of New York*, 86 AD2d 381, *affd* 57 NY2d 932). Plaintiff's amended complaint, which was verified by his attorney, and counsel's opposing affirmation were insufficient to raise an issue of fact as to whether defendant either created a dangerous condition or made it more hazardous by attempting to remove the snow prior to the accident (*Zuckerman v City of New York*, 49 NY2d 557, 563; *Keane v City of New York*, 208 AD2d 457; *compare*, *Marrero v Milevoi*, 227 AD2d 124). Concur—Milonas, J. P., Ellerin, Rubin, Kupferman and Nardelli, JJ.