■ ANA MARTINEZ, Respondent, v COLUMBIA PRESBYTERIAN MEDICAL CENTER et al., Defendants, and CITY OF NEW YORK, Appellant. [656 NYS2d 271] —Order of the Supreme Court, New York County (Salvador Collazo, J.), entered February 15, 1996, which denied defendant City of New York's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion granted, and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant-appellant, the City of New York, dismissing the complaint.

The complaint alleges that at 6:00 P.M. on February 13, 1994, plaintiff slipped and fell on snow and ice on a sidewalk near the corner of Broadway and 168th Street, abutting one of the buildings of defendant hospital. The hazardous condition is alleged to have resulted from defendants' negligent and incomplete removal of snow and ice.

The City moved for summary judgment dismissing the complaint as against it, arguing that it was unreasonable to require it to have cleared the sidewalk. Two major snow storms had left a total accumulation of 21 inches of snow, and below-freezing temperatures resulted in icy conditions on the date of the accident. The Local Climatological Data Report for the immediate time period, attached to the City's moving papers, fully supports the City's contentions.

In response to plaintiff's allegation that unspecified persons incompetently removed snow from the sidewalk, leaving behind embankments of snow that melted and then re-froze, the City also submitted the affidavit of Stephen Perrotta, a Department of Sanitation Supervisor whose territory included the accident location. The affidavit states that the City keeps snow removal records by district, indicating the date, time and location of snow removal and that his search of these records revealed no removal of snow from the location of the accident by any employee or independent contractor on the dates in question. However, the affidavit indicates that he searched the snow removal records for 1995, whereas the accident occurred in 1994.

Supreme Court recognized that there is a necessary rationing of municipal resources that accords first priority for snow removal to roadways in order to facilitate the movement of emergency vehicles. However, the court stated that it was "reluctant to say that the City should not be held liable for the

injury sustained to plaintiff". It reasoned that "the clearing of sidewalks outside of a hospital is a priority similar to clearing the roadways for emergency vehicles, in view of the nature and purpose of hospitals, to provide emergency medical care".

This conclusion is contrary to established precedent. As we noted in *Valentine v City of New York* (86 AD2d 381, 384, *affd* 57 NY2d 932), in cases of severe snow storms, the City is afforded an appreciable length of time to clear sidewalks of snow and ice. In *Sing Ping Cheung v City of New York* (234 AD2d 91), the plaintiff was injured after he slipped and fell on an icy manhole cover three days after the same snow storm that occasioned the injuries in the case at bar. This Court held (*supra*) that the City had "established that it was under no obligation to shovel the snow and ice where the meteorological evidence established there had been two snow storms three days before plaintiff slipped and fell over an icy manhole cover, glazed conditions on the day before the fall, and below freezing temperatures on the day of the fall". We further held that the amended complaint, verified by the plaintiff's attorney, together with counsel's affirmation opposing the City's summary judgment motion were insufficient to raise an issue of fact as to whether the defendant either created a dangerous condition or made it more hazardous by attempting to remove the snow prior to the accident (*supra*, citing *Zuckerman v City of New York*, 49 NY2d 557, 563; *Keane v City of New York*, 208 AD2d 457).

Here, as in *Cheung* (*supra*), the City has established that it was under no obligation to remove the snow and ice from the location of the accident some 48 hours after the last of the two storms. The contrary conclusion reached by Supreme Court finds no support in either the pertinent case law or in the record, giving appropriate consideration to the priority approved by this Court in *Valentine* (*supra*). Plaintiff does not dispute that the complaint was verified by counsel, and counsel's opposing affirmation is insufficient to raise an issue of fact to defeat the City's motion, irrespective of the erroneous date stated in Mr. Perrotta's affidavit. Concur—Ellerin, J. P., Rubin, Williams and Tom, JJ.