■ MIRIAM EPSTEIN et al., Appellants, v CITY OF NEW YORK, Respondent, et al., Defendant. [673 NYS2d 141] —Order, Supreme Court, New York County (Jane Solomon, J.), entered April 7,

1997, which granted defendant-respondent's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Meteorological evidence established subfreezing temperatures throughout the period February 8 to 11, 1994, snowfalls of more than nine inches on February 8 and 9, and a snowfall of almost 13 inches on February 11, which, according to plaintiff, ended by 11:00 A.M., some five hours before she fell. With respect to these same snowfalls, this Court has held that defendant City was under no obligation to remove the snow and ice as late as February 14 (*Sing Ping Cheung v City of New York*, 234 AD2d 91; *see also*, *Martinez v Columbia Presbyt. Med. Ctr.*, 238 AD2d 286). Thus, it does not avail plaintiff to speculate that she fell on icy accumulation attributable to the "old" February 8 snowfall (*see*, *Valentine v City of New York*, 86 AD2d 381, 384, *affd* 57 NY2d 932). We also note the City's proof that between February 7 and 13, 1994, neither it nor any contractor hired by it removed snow from the sidewalk where plaintiff fell, and the absence of any rebutting evidence. Concur—Lerner, P. J., Ellerin, Rubin, Tom and Andrias, JJ.