■ SARAH CRICHTON et al., Respondents, v PITNEY, HARDIN, KIPP & SZUCH et al., Defendants, BRACH, EICHLER & ASSOCIATES et al., Appellants. SARAH CRICHTON et al., Appellants, v PITNEY, HARDIN, KIPP & SZUCH et al., Defendants, and CITY OF NEW YORK, Respondent. [679 NYS2d 392] —Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered December 10, 1997, which denied the motion by defendants-appellants, Brach, Eichler & Associates and Brach, Eichler, Rosenberg, Silver, Bernstein, Hammer & Goldstein, for summary judgment, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint as against them.

Order, same court and Justice, entered December 10, 1997, which granted defendant City of New York's motion for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, the motion denied, the complaint reinstated, and the matter remanded for further proceedings.

Plaintiff allegedly slipped on ice on a sidewalk abutting an office building in which defendant Brach, Eichler, Rosenberg *et al.,* purportedly had office space, five days after a 24-inch blizzard. The City had not yet cleared the sidewalk of snow and ice. Plaintiff's own witness established that neither the landlord nor the tenants "had made any attempt during the five days since the storm to shovel the sidewalk," nor has any affirmative proof of any such efforts been submitted. Although, in granting the City summary judgment, the motion court necessarily concluded as a matter of law that this five-day period was an inadequate time period within which to reasonably hold the City accountable to perform its obligation to clear the sidewalk, we find the reasonableness of that time period to present a factual issue under the circumstances of this case.

*Valentine v City of New York* (86 AD2d 381, *affd* 57 NY2d 932), relied on by the motion court, in which we found 30 hours insufficient for the City, utilizing the ordinary equipment for that time period, to chip and clear a thick frozen surface left by a severe ice storm, does not articulate a fixed legal standard applicable to the present circumstances. Rather, our perspective in *Yonki v City of New York* (276 App Div 407, 410, *appeal dismissed* 303 NY 852) still retains its salience, that there is "no formula for determining liability on the basis of any ratio between the number of inches of snowfall and the time elapsed

before the happening of the accident." Rather, reasonableness will usually require a factual evaluation of the several factors impacting on the City's actual ability, given physical and climatic conditions, and its capital and labor resources, to have cleared the location of ice and snow. We cannot say as a matter of law that five days was an insufficient period to have discharged this obligation with reasonable dispatch. Accordingly, we deny summary judgment to the City, reinstate the complaint against it and remand for further proceedings.

The complaint should have been dismissed against the Brach defendants. Initially, they are an out-of-State law firm that appears to have only been provided space in one of the tenant offices as an accommodation, not subject to a leasehold interest or obligations. Since there is no evidence that they created or exacerbated the dangerous condition on the abutting sidewalk, nor had any obligations under a lease to maintain the sidewalk, there is no basis to impose liability upon them (*Keane v City of New York*, 208 AD2d 457; cf., *Jiuz v City of New York*, 244 AD2d 298) and "[t]he mere hope that evidence to support [plaintiff's] claim would be uncovered is insufficient to deny the defendants' motion[ ] for summary judgment" (*Flanagan v City of New York*, 243 AD2d 677, 678). As to them, dismissal is necessary. Concur—Nardelli, J. P., Rubin, Tom and Mazzarelli, JJ.