■ ROBERTO AMAYA, Respondent, v DENIHAN OWNERSHIP CO., LLC, Doing Business as EASTGATE TOWER SUITE HOTEL, Appellant. [818 NYS2d 199]—

Order, Supreme Court, Bronx County (Mark Friedlander, J.), entered July 11, 2005, which denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion granted and the complaint and cross claims dismissed. The Clerk is directed to enter judgment accordingly.

Plaintiff was injured, according to his deposition testimony, when, during a rainstorm, he simply slipped and fell on a wet platform outside of defendant's hotel entrance where there were "puddles of water." Subsequently, in response to defendant's prima facie showing that it was entitled to summary judgment, plaintiff alleged for the first time that he slipped and fell due to structural defects in the platform. In support of this contention, he submitted an affidavit of his own and the affidavit of an engineer who did not conduct an inspection of the site until 3½ years after the accident. The engineer's affidavit contained speculative, conclusory assertions as to the alleged defects, and cited to various broad or inapt engineering rules, regulations and standards. Among these were Multiple Dwelling Law § 78 and Building Code (Administrative Code of City of NY) § 27-127, which require that a building be kept in good repair and maintained in a safe condition, and ANSI (American National Standards Institute) § Z35.1-1972 (having to do with accident prevention signs), which has been withdrawn and not replaced. "Where the expert's ultimate assertions are speculative or unsupported by any evidentiary foundation, . . . the opinion should be given no probative force and is insufficient to withstand summary judgment" (*Diaz v New York Downtown Hosp.*, 99 NY2d 542, 544 [2002]).

Plaintiff's affidavit appears to be tailored to dovetail with the expert's affidavit and to avoid the thrust of plaintiff's deposition testimony. "A party's affidavit that contradicts [his] prior sworn testimony creates only a feigned issue of fact, and is insufficient

to defeat a properly supported motion for summary judgment" (*Harty v Lenci,* 294 AD2d 296, 298 [2002]). Concur—Mazzarelli, J.P., Andrias, Saxe, Williams and Malone, JJ.