■ LUCIA ORTIZ, Respondent, v CITIBANK et al., Appellants, et al., Defendants. [880 NYS2d 626]—

Orders, Supreme Court, Bronx County (Dominic R. Massaro, J.), entered June 26, 2008, which, in an action for personal injuries sustained in a slip and fall on a patch of ice on a public sidewalk abutting a parking lot shared by defendants Citibank and Blockbuster, denied a motion by Citibank and Blockbuster, and motions by defendants Abaco Management Corp., a maintenance contractor hired by Blockbuster, and JSMS, a snow removal contractor hired by Abaco, respectively, for summary judgment dismissing the complaint and any cross claims as against them, unanimously reversed, on the law, without costs, and the motions granted. The Clerk is directed to enter judgment dismissing the complaint and all cross claims as against defendants Citibank, Blockbuster Video, Abaco Management Corp. and JSMS Corporation.

At the time of this 2002 accident, i.e., prior to the adoption of Administrative Code of City of NY § 7-210, a property owner owed no duty to pedestrians to remove snow and ice that naturally accumulated on the sidewalk in front of its premises, but if it undertook to do so, it could be held liable if it negligently created or exacerbated a dangerous condition (see Vucetovic v Epsom Downs, Inc., 10 NY3d 517, 519-521 [2008]; Prenderville v International Serv. Sys., Inc., 10 AD3d 334, 336-337 [2004]). As the record establishes that Citibank, Blockbuster and Abaco at no relevant time undertook to remove snow from the sidewalk, and did not control the manner in which JSMS removed snow from the sidewalk, their motions for summary judgment should have been granted (see Keane v City of New York, 208 AD2d 457 [1994]; Brothers v New York State Elec. & Gas Corp., 11 NY3d 251, 257-258 [2008]). With respect to JSMS, no issues of fact as to whether it created or exacerbated the dangerous condition that caused plaintiff's fall are raised by evidence that the last significant snowfall prior to the accident was two days earlier, and that it plowed a path in the sidewalk by pushing snow to the curb and spread salt on the ground (see Espinal v Melville Snow Contrs., 98 NY2d 136, 141-142 [2002]; Nadel v Cucinella, 299 AD2d 250 [2002]). We note that JSMS's contract with Abaco does not contain an indemnity clause. Concur—Gonzalez, P.J., Mazzarelli, Renwick and Abdus-Salaam, JJ.