(October 14, 2014)

■ FRANCISCA RODRIGUEZ, Appellant, v WILLIE WOODS et al., Defendants, and CITY OF NEW YORK, Respondent. [994 NYS2d 583]—

Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered March 11, 2013, which granted defendant City of New York's motion for summary judgment dismissing the complaint and all cross claims as against it, reversed, on the law, without costs, and the complaint reinstated.

In this action for personal injuries allegedly sustained by plaintiff on December 23, 2008, when she fell on a sidewalk, plaintiff testified at her deposition that the area where she fell was "dirty" with "snow layers on top of layers," which she later clarified to mean "slushy ice" that was "clean, like slippery, flat" and had a little snow on top of it. In opposition to the City's motion for summary judgment, plaintiff submitted an affidavit in which she explained that she fell on a patch of snow and ice that was about two feet wide by three feet long, and that the patch of snow and ice was "one (1) inch thick, flat, hard, and dirty, as if it had existed for several days." This deposition testimony and affidavit, taken together, cannot reasonably be construed as being inconsistent or feigned. Any inconsistencies in how plaintiff described the patch of snow and ice on which she slipped simply create a triable issue of fact (see *Rodriguez v New York City Hous. Auth.*, 194 AD2d 460 [1st Dept 1993]). Further, we have held, contrary to the City's argument, that snow and ice left on a sidewalk after a storm can constitute an "unusual and dangerous condition" (see *Ferguson v City of New York*, 201 AD2d 422, 424 [1st Dept 1994]).

The main point of contention on this appeal is whether plaintiff raised an issue of fact as to whether the ice on which

---

she slipped formed within a sufficient amount of time prior to the accident for the City to have cleared it. The City disputes plaintiff's claim, and her expert meteorologist's opinion, that the ice was created during a four-inch snowfall that occurred four days prior to the accident, leaving the City adequate time to address the condition (*see Ferguson*, 201 AD2d at 424). Instead, it argues that the meteorological history for the dates in question establishes, as a matter of law, that there was insufficient time.

The parties agree on the history itself: that four inches of snow fell on December 19th (four days before the accident), one-half inch on December 20th (three days before) and two tenths of an inch on December 21st (two days before). After the third snowfall, non-freezing rain fell, and temperatures remained above freezing for several hours. On the day of the accident, the average temperature was 25 degrees, with a high of 31 degrees and a low of 18 degrees. However, the City offered no analysis or interpretation of this raw data, and offered no support for its attorney's conclusory statement that the ice formed 48 hours before the accident, too soon for the City to have addressed it. Plaintiff, on the other hand, submitted the affidavit of an expert meteorologist, who opined that the combination of the freezing temperatures, together with the warmer temperatures and falling rain on December 21, melted the small amounts of snow that fell on December 20th and 21st. According to the expert, because the rain that fell on December 21 would not have frozen, the patch of ice that plaintiff attested to have slipped on resulted from the December 19th storm.

"Summary judgment in a snow or ice case is proper where a defendant demonstrates, *through climatological data and expert opinion*, that the weather conditions would preclude the existence of snow or ice at the time of the accident" (*Massey v Newburgh W. Realty, Inc.*, 84 AD3d 564, 566 [1st Dept 2011] [emphasis added]). Accordingly, because it failed to offer an expert opinion, in addition to the meteorological records, the City's motion should have been denied without regard to the sufficiency of plaintiff's papers in opposition (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). While, as the dissent notes, no expert affidavit was required by this Court in *Daley v Janel Tower L.P.* (89 AD3d 408 [1st Dept 2011]), it is worth noting that there it was hardly needed. That is because in *Daley* "the climatological reports showed that it last snowed more than one week prior to plaintiff's fall and that during the three-day period prior to plaintiff's fall, temperatures remained well above freezing" (89 AD3d at 409). Here, by contrast, the

climatological reports showed that, except for a few hours of above-freezing temperatures and non-freezing rain, temperatures generally remained below freezing for the entire period between the December 19 storm and the accident four days later. Plaintiff's expert opined that these conditions were suitable for the ice that formed as a result of the initial storm to remain, but not for the formation of new ice, which the City would have had insufficient time to clear. Without an expert to interpret the meteorological record in a way that would disprove this theory, the City failed to establish a right to judgment as a matter of law.

In any event, plaintiff raised an issue of fact through her submissions. There was no basis for the motion court to characterize her expert's affidavit as "all speculation" (*Rodriguez v Woods*, 2013 NY Slip Op 33730[U], *3 [Sup Ct, NY County 2013]). It was based on undisputed meteorological records, took plaintiff's description of the ice into account, and explained how the meteorological events led to the formation of that particular patch of ice (*compare Perez v New York City Hous. Auth.*, 114 AD3d 586, 586 [1st Dept 2014] [rejecting defendant's expert affidavit as speculative "because it failed to take into account plaintiff's testimony that the snow and ice had been on the sidewalk for approximately four days after NYCHA employees had piled it up onto the curb, and only addressed the general conditions in the vicinity rather than the origin of the specific ice and snow condition on which plaintiff alleges she fell"]).

"Once there is a period of inactivity after cessation of [a] storm, it becomes a question of fact as to whether the delay in commencing the cleanup was reasonable" (*Powell v MLG Hillside Assoc.*, 290 AD2d 345, 346 [1st Dept 2002]). Accordingly, it is for a jury to decide whether the ice on which plaintiff slipped was formed four days before the accident, as plaintiff contends, and whether that temporal gap was a sufficient period of time for the City to remedy the condition. We reject the City's reference to *Valentine v City of New York* (86 AD2d 381, 382 [1st Dept 1982], *affd* 57 NY2d 932 [1982]), which dealt with "a severe ice storm, described as the second worst in the preceding 50 years." There is no suggestion that the storm that allegedly precipitated plaintiff's fall was comparably severe such that it would have been impossible for the City to clear the sidewalk within a four-day period. Certainly the City's witness, a supervisor with the Department of Sanitation, gave no such indication.

Finally, we note the irony of the City's witness having testi-

fied unequivocally that, as part of its snow and ice removal operations after any storm, the City does not perform any work on sidewalks. Accordingly, even if the City is ultimately vindicated in its position that it had insufficient time to clear the sidewalk before plaintiff fell, the truth will be that it would not have availed itself of that opportunity. Nevertheless, the question goes to the City's duty, and the City cannot be found liable in the absence of such a duty having arisen at the time of the accident. Concur—Mazzarelli, J.P., Moskowitz, Manzanet-Daniels and Kapnick, JJ.

DeGrasse, J., dissents in a memorandum as follows: In my view, the motion court properly granted the summary judgment motion made by defendant the City of New York. Plaintiff was injured when she fell on a public sidewalk on December 23, 2008 at approximately 1:30 to 2:00 p.m. Plaintiff alleges that her fall was caused by ice that had formed as a result of a December 19, 2008 snowstorm. Citing *Ferguson v City of New York* (201 AD2d 422 [1st Dept 1994]) and other cases, plaintiff and the majority posit that there is an issue of fact as to whether the City failed to take measures to correct the condition despite having had a reasonable opportunity to do so. I dissent because the undisputed meteorological evidence shows otherwise.

Local climatological data shows that it snowed four inches on December 19, 2008, one-half inch on December 20, 2008 and two tenths of an inch on December 21, 2008. The same data indicates that the first snowstorm lasted from 11:00 a.m. on December 19 to 8:00 a.m. on December 20, 2008; the second was from 8:00 p.m. on December 20 to 2:00 p.m. on December 21, 2008. Accordingly, the last snowfall ended approximately 48 hours before plaintiff's accident. "The rule is well established that a municipality is not liable in negligence for injuries sustained by a pedestrian who slips and falls on an icy sidewalk unless a reasonable time has elapsed between the end of the storm giving rise to the icy condition and the occurrence of the accident" (*Valentine v City of New York*, 86 AD2d 381, 383 [1st Dept 1982], *affd* 57 NY2d 932 [1982] [citations omitted]). In this case, the City established its prima facie entitlement to summary judgment by showing that plaintiff's accident occurred within two days of the last of two back-to-back snowfalls that dumped at least 4½ inches of snow on the City. For example, in *Martinez v Columbia Presbyt. Med. Ctr.* (238 AD2d 286 [1st Dept 1997]), this Court reversed an order denying the City's motion for summary judgment on the ground that the city established that it was under no obligation to remove snow and ice from the location of an accident "some 48 hours after the last of the two storms" (*id.* at 287).

Although cited by the majority, *Massey v Newburgh W. Realty, Inc.* (84 AD3d 564 [1st Dept 2011]) does not support its position that the City's motion was deficient for lack of an affidavit of an expert meteorologist. As noted by the majority, we stated in *Massey* that "[s]ummary judgment in a snow and ice case is proper where a defendant demonstrates, through climatological data and expert opinion, that the weather conditions would preclude the existence of snow or ice at the time of the accident" (*id.* at 566). *Massey* does not apply here because the motion before us does not involve an issue as to whether snow or ice existed. That much is undisputed. The issue here is whether a reasonable time for the City to remove the hazard had elapsed between the last snowfall and plaintiff's accident. More importantly, it cannot be deduced from the language quoted above that an expert's affidavit is a necessary component of a motion for summary judgment in a snow and ice case. We certainly imposed no such requirement in *Daley v Janel Tower L.P.* (89 AD3d 408 [1st Dept 2011]) where we granted the defendants' motion for summary judgment on the basis of climatological reports indicating that an icy condition could not have formed at the time of the alleged injury (*see also Epstein v City of New York*, 250 AD2d 547 [1st Dept 1998]; *Martinez*, 238 AD2d 286). In this case, as it was in *Martinez*, expert opinion is not necessary to establish the undisputed fact that plaintiff's accident occurred within two days of the last snowfall.

For the reasons set forth by the motion court, the affidavit of plaintiff's expert meteorologist fails to raise an issue of fact because it lacks probative force. Plaintiff's meteorologist states the following in his affidavit: "According to plaintiff she was caused to slip and fall on a patch of ice that was approximately one (1) inch thick, flat, hard and dirty. Based upon plaintiff's description of the icy and hazardous condition, as well as my review of the relevant weather data, it is my opinion to a reasonable degree of meteorological certainty, that the subject ice/snow condition that caused plaintiff to fall resulted from the storm of December, 19, 2008." The description of ice that was hard and one inch thick is not contained in plaintiff's deposition but is set forth in her affidavit opposing the City's motion. In this regard, plaintiff's affidavit conflicts with the following testimony that she gave at the deposition:

"Q. At the place of your accident, did you see anything on the ground before you fell?

"A. It was dirty. It had snow.

"Q. It was dirty with what?

"A. There was snow layers on top of layers.

"[PLAINTIFF'S COUNSEL]: Just ask her to clarify when she says snow she means snow or ice.

"A. Slushy ice."

"Slush" is not hard ice. It is commonly defined as "partly melted or watery snow" (*see* Merriam-Webster Online Dictionary, http://www.merriam-webster.com/dictionary/slush). This is more than a matter of semantics because the meteorologist's opinion is based on the premise that plaintiff slipped on a patch of hard ice. Accordingly, the meteorologist's opinion is indeed speculative because its factual underpinning is based upon plaintiff's affidavit which itself contradicts her prior sworn testimony (*cf. Amaya v Denihan Ownership Co., LLC*, 30 AD3d 327, 327-328 [1st Dept 2006]). In *Epstein*, we granted the City's motion for summary judgment rejecting speculation that an injury was caused by an icy accumulation attributable to an "old" as opposed to a more recent snowfall (250 AD2d at 548). We should have reached a similar conclusion here. Finally, as stated above, the determinative issue is whether the City had reasonably sufficient time to clear the sidewalk before plaintiff's fall.