■ RICHARD KENNY et al., Respondents, v DANIEL GLASER et al., Appellants. [2 NYS3d 341]—

Order, Supreme Court, New York County (Louis B. York, J.), entered November 29, 2013, which denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint.

Plaintiff Richard Kenny allegedly slipped and fell on ice on a public sidewalk abutting defendants' property. Defendants made a prima facie showing that they are exempt from liability for any failure to remove snow and ice from the sidewalk (*see* Administrative Code of City of NY § 7-210 [b]) and that their voluntary snow removal efforts did not create or exacerbate the alleged hazardous condition on the sidewalk (*see Titova v D'Nodal*, 117 AD3d 431 [1st Dept 2014]). Defendant Emily Glaser testified that two independent contractors cleared the sidewalk of snow and ice and put down salt and/or sand on the morning of the accident, and that the last contractor finished working not more than an hour before plaintiff's fall (*see Ortiz v Citibank*, 62 AD3d 613 [1st Dept 2009]). Ms. Glaser also testified that there was no snow or ice on the walkway shortly after plaintiff's fall. Although Ms. Glaser testified that the sidewalk "glistened" and was "wet" after the accident, this is not evidence that defendants' snow removal caused ice.

In opposition, plaintiffs failed to raise material questions of

fact. Plaintiffs' claim that defendants' snow removal efforts created an icy condition is unsupported by any evidence (*see Joseph v Pitkin Carpet, Inc.*, 44 AD3d 462, 464 [1st Dept 2007]). Although plaintiff testified that he slipped on ice, he was unable to give any details about the ice or the condition of the sidewalk. Plaintiff's affidavit attesting that he did not observe any salt or sand on the sidewalk fails to create a factual issue, as it contradicts his deposition testimony (*see Titova*, 117 AD3d at 431).

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Tom, J.P., Friedman, Renwick, Manzanet-Daniels and Feinman, JJ.