■ Reyna Sevilla, Appellant, v The Calhoun School, Inc., et al., Respondents. [4 NYS3d 520]—

Order, Supreme Court, Bronx County (Mark Friedlander, J.), entered December 23, 2013, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The undisputed fact that plaintiff's slip and fall occurred during a freezing-rain storm in progress establishes prima facie that defendants were not negligent in failing to remove the ice on the sidewalk in front of their building on which plaintiff testified that she slipped (*see Pippo v City of New York*, 43 AD3d 303 [1st Dept 2007]). The record also shows that on the day of plaintiff's accident defendants' maintenance staff followed its regular protocol for clearing newly fallen snow and ice from the sidewalk and the building's entrance area at 6 a.m. and again at 7 a.m., before the start of the school day. However, while plaintiff contends that in clearing the sidewalk defendants created a hazardous condition or exacerbated a natural hazard created by the storm, she submitted no evidence to support her contention (*see Rugova v 2199 Holland Ave. Apt. Corp.*, 272 AD2d 261 [1st Dept 2000]). Nor did

plaintiff raise a material issue of fact by pointing to the inconsistent testimony of a maintenance worker as to whether salt was used on the sidewalk before plaintiff's fall, since she failed to explain how the use or omission to use salt could have created or exacerbated the naturally occurring ice condition.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Gonzalez, P.J., Mazzarelli, Saxe, Manzanet-Daniels and Clark, JJ.