■ ADAM RUSIN et al., Appellants, v CITY OF NEW YORK et al., Respondents. [19 NYS3d 84]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Baynes, J.), dated July 23, 2013, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiffs commenced this action against the City of New York and the New York City Department of Sanitation to recover damages for injuries allegedly sustained after the plaintiff Adam Rusin slipped and fell on snow and ice while walking in the crosswalk across a roadway in Brooklyn. The accident occurred about 57 hours after a snow storm that resulted in a total of approximately 20 inches of snow falling. Additionally, in the 57 hours after the end of the snow storm, the temperature rose above, and fell below, freezing. The defendants moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion.

"Under the storm in progress rule, the City generally cannot be held liable for injuries sustained as a result of slippery

conditions that occur during an ongoing storm, or for a reasonable time thereafter" (*Mazzella v City of New York*, 72 AD3d 755, 756 [2010]). "A reasonable period of time is the period 'within which the municipality should have taken notice of the icy condition and, in the exercise of reasonable care, remedied it' " (*Cooke v City of New York*, 300 AD2d 338, 339 [2002], quoting *Valentine v City of New York*, 86 AD2d 381, 383 [1982], *affd* 57 NY2d 932 [1982]).

Here, the defendants established, prima facie, their entitlement to judgment as a matter of law by submitting evidence, including climatological data, demonstrating that they did not have a reasonable opportunity to remedy the allegedly dangerous condition that was created by the extraordinary snowstorm (*see Valentine v City of New York*, 57 NY2d at 933; *Hooghuis v City of New York*, 264 AD2d 816, 817 [1999]; *Martinez v Columbia Presbyt. Med. Ctr.*, 238 AD2d 286, 287 [1997]; *Sing Ping Cheung v City of New York*, 234 AD2d 91 [1996]). In opposition to the defendants' prima facie showing, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Rivera, J.P., Balkin, Miller and Hinds-Radix, JJ., concur.