Mimikos v City of New York (2018 NY Slip Op 03813)





Mimikos v City of New York


2018 NY Slip Op 03813


Decided on May 29, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2018

Friedman, J.P., Gische, Tom, Kern, Singh, JJ.


6701 160295/14

[*1]Kathleen Mimikos, Plaintiff-Appellant,
v
The City of New York, Defendant-Respondent.


Kerner & Kerner, P.C., New York (Kenneth T. Kerner of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Antonella Karlin of counsel), for respondent.



Order, Supreme Court, New York County (Margaret A. Chan, J.), entered January 23, 2017, which granted defendant City of New York's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
The City established its entitlement to judgment as a matter of law in this action where plaintiff was injured when she slipped and fell on snow and ice while crossing the street within the crosswalk. The City submitted, inter alia, climatological data showing that there was a storm in progress when the accident happened, which plaintiff does not dispute (see Weinberger v 52 Duane Assoc., LLC, 102 AD3d 618 [1st Dept 2013]; Rusin v City of New York, 133 AD3d 648 [2d Dept 2015]).
In opposition, plaintiff failed to raise a triable issue of fact. The certified expert report she submitted does not address how the City created or exacerbated the icy condition of the crosswalk and only states that it was created during the heavy snow falling when the accident happened (see Sevilla v Calhoun Sch., Inc., 127 AD3d 446 [1st Dept 2015]; Sing Ping Cheung v City of New York, 234 AD2d 91 [1st Dept 1996]). Plaintiff's claim that the City may be held liable for failing to adhere to its snow removal protocols is unpersuasive, because liability "cannot be based on the violation of an internal rule imposing a higher standard of care than the law, at least where there is no showing of detrimental reliance by the plaintiff" (Prince v New York City Hous. Auth., 302 AD2d 285, 286 [1st Dept 2003]). Nor can the City be held liable for failing to salt the roadway before the storm, because such alleged inaction does not constitute an affirmative act of negligence that caused, created or exacerbated the icy condition (see Schlausky v City of New York, 41 AD2d 156, 158 [1st Dept 1973]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 29, 2018
CLERK