Bryant v Retail Prop. Trust (2020 NY Slip Op 04725)





Bryant v Retail Prop. Trust


2020 NY Slip Op 04725


Decided on August 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
ROBERT J. MILLER, JJ.


2018-04090
 (Index No. 606945/14)

[*1]David Bryant, appellant, 
v
Retail Property Trust, et al., respondents, et al., defendant (and a third-party action).


Lynn, Gartner, Dunne & Covello, LLP, Mineola, NY (Joseph Covello of counsel), for appellant.
O'Connor O'Connor Hintz & Deveney, LLP, Melville, NY (Ira E. Goldstein of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Roy S. Mahon, J.), entered March 7, 2018. The order, insofar as appealed from, granted that branch of the cross motion of the defendants Retail Property Trust and Simon Property Group, Inc., which was for summary judgment dismissing the amended complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On January 3, 2014, at approximately 8:40 p.m., the plaintiff allegedly injured his back when he slipped on a mix of snow and ice inside an elevator located in a parking garage at the Roosevelt Field Mall in Nassau County. The subject elevator was located near an area that was open to the elements. At the time of the accident, the defendants Retail Property Trust and Simon Property Group, Inc. (hereinafter together the mall defendants), allegedly owned and operated the subject property. The plaintiff commenced this action against the mall defendants, among others, to recover damages for personal injuries, alleging that they were negligent in maintaining the subject property. The mall defendants cross-moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against them based on the applicability of the storm in progress rule. The Supreme Court, among other things, granted that branch of the cross motion, and the plaintiff appeals.
"Under the so-called storm in progress' rule, a property owner will not be held responsible for accidents occurring as a result of the accumulation of snow and ice on its premises until an adequate period of time has passed following the cessation of the storm to allow the owner an opportunity to ameliorate the hazards caused by the storm" (Marchese v Skenderi, 51 AD3d 642, 642; see Solazzo v New York City Tr. Auth., 6 NY3d 734, 735; Smith v Christ's First Presbyt. Church of Hempstead, 93 AD3d 839, 840). On a motion for summary judgment, the question of whether a reasonable time has elapsed may be decided as a matter of law by the court, based upon the circumstances of the case (see Valentine v City of New York, 57 NY2d 932, 933-934).
Here, the mall defendants established their prima facie entitlement to judgment as a matter of law by submitting evidence, including, inter alia, the transcript of the plaintiff's deposition testimony, certified climatological data, and an expert affidavit from a forensic meteorologist, with attached report, demonstrating that the snowstorm that caused the hazardous condition to exist inside the elevator ended on January 3, 2014, around noon, and that they did not have a reasonable opportunity thereafter to correct that condition (see Valentine v City of New York, 57 NY2d at 933-934; Wei Wen Xie v Ye Jiang Yong, 111 AD3d 617, 618; cf., Casey-Bernstein v Leach & Powers, LLC, 170 AD3d 651, 652). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, we agree with the Supreme Court's determination granting that branch of the mall defendants' cross motion which was for summary judgment dismissing the amended complaint insofar as asserted against them.
LEVENTHAL, J.P., ROMAN, COHEN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court