Keckeisen v South Nassau Communities Hosp. (2020 NY Slip Op 07045)





Keckeisen v South Nassau Communities Hosp.


2020 NY Slip Op 07045


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

2018-10240
2018-12886
 (Index No. 12357/14)

[*1]Tiffany Keckeisen, appellant, 
v
South Nassau Communities Hospital, respondent.


Siben & Siben LLP, Bay Shore, NY (Alan G. Faber of counsel), for appellant.
Bartlett LLP, White Plains, NY (David C. Zegarelli of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated June 29, 2018, and (2) a judgment of the same court entered August 28, 2018. The order granted the defendant's motion for summary judgment dismissing the complaint. The judgment, upon the order, is in favor of the defendant and against the plaintiff dismissing the complaint.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is reversed, on the law, with costs, the defendant's motion for summary judgment dismissing the complaint is denied, the complaint is reinstated, and the order is modified accordingly.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained when she slipped and fell on an ice condition on a walkway located on the defendant's property. The defendant moved for summary judgment dismissing the complaint. By order dated June 29, 2018, the Supreme Court granted the defendant's motion. A judgment was entered upon the order, in favor of the defendant and against the plaintiff dismissing the complaint. The plaintiff appeals.
We disagree with the Supreme Court's determination to grant the defendant's motion for summary judgment dismissing the complaint. "Under the storm in progress rule, a property owner will not be held responsible for accidents occurring as a result of the accumulation of snow and ice on its premises until an adequate period of time has passed following the cessation of the storm to allow the owner an opportunity to ameliorate the hazards caused by the storm" (De Chica v Saldana, 153 AD3d 782, 782; see Casey-Bernstein v Leach & Powers, LLC, 170 AD3d 651, 652). [*2]On a motion for summary judgment, the question of whether a reasonable time has elapsed may be decided as a matter of law by the court, based upon the circumstances of the case (see Casey-Bernstein v Leach & Powers, LLC, 170 AD3d at 652). "However, [i]f the storm has passed and precipitation has tailed off to such an extent that there is no longer any appreciable accumulation, then the rationale for continued delay abates, and commonsense would dictate that the rule not be applied" (id. [internal quotation marks omitted]).
Here, the defendant failed to establish its prima facie entitlement to judgment as a matter of law dismissing the complaint by demonstrating that there was a storm in progress at the time of the plaintiff's incident, or that it did not have a reasonable opportunity after the cessation of the storm to remedy the allegedly dangerous condition (see id.; Morris v Home Depot USA, 152 AD3d 669, 670-671). Moreover, the defendant failed to demonstrate, prima facie, that it did not have constructive notice of the alleged ice condition that caused the plaintiff to fall (see Ahmetaj v Mountainview Condominium, 171 AD3d 683, 684). Since the defendant failed to meet its burden on its motion for summary judgment, we need not consider the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
MALTESE, J.P., DILLON, LEVENTHAL and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court