Batista v Hancock (2021 NY Slip Op 00081)





Batista v Hancock


2021 NY Slip Op 00081


Decided on January 07, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 07, 2021

Before: Manzanet-Daniels, J.P., Kapnick, Moulton, González, Scarpulla, JJ. 


Index No. 23219/18 Appeal No. 12805 Case No. 2020-00349 

[*1]Liodel Batista, Plaintiff-Respondent,
v
Stephen Hancock et al., Defendants-Appellants, Paul Acosta, Defendant.


Mead Hecht Conklin & Gallagher LLP, White Plains (George P. Epstein II of counsel), for appellants.
Kaplan & Kaplan P.C., Melville (Zara K. Watkins of counsel), for respondent.



Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered on or about November 6, 2019, which denied defendants-appellants' motion for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
"Summary judgment in a snow or ice case is proper where a defendant demonstrates, through climatological data and expert opinion, that the weather conditions would preclude the existence of snow or ice at the time of the accident," or where climatological data submitted on the motion demonstrates several days of "well-above freezing" temperatures between the snow event and the accident such as to establish a prima facie case undermining snow/ice hazard claims (Rodriguez v Woods, 121 AD3d 474, 475-476 [1st Dept 2014] [internal quotation marks omitted]). Defendants-appellants, who owned the property that abutted the sidewalk where plaintiff fell, did not submit an expert affidavit in support of their motion. The evidence in the record, including a meteorological opinion submitted by plaintiff's expert, indicated that snow cover on the ground, including snow piles, together with freezing weather for several days prior to a minor thaw in the afternoon before plaintiff's early morning fall (as temperatures were once again falling towards freezing), warranted an expert opinion to support their motion. Defendants' characterization of plaintiff's meteorological expert's opinion as "speculative," in regard to how the alleged ice condition formed, and as to when, is unavailing; the opinion was grounded in data obtained from undisputed meteorological records, as well plaintiff's description of the alleged icy hazard and surrounding circumstances at the scene (i.e., nearby snow piles) (see Guzman v Broadway 922 Enters., LLC, 130 AD3d 431 [1st Dept 2015]; Rodriguez v Woods, 121 AD3d at 476). Such expert opinion linking the facts of the case and weather records is sufficient to raise a factual issue as to whether defendants created the hazard by their snow-removal methods. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 7, 2021