| **Gambhir v Liberty St. Realty LLC** |
|:---:|
| 2024 NY Slip Op 33429(U) |
| September 30, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 151609/2021 |
| Judge: Mary V. Rosado |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    <u>HON. MARY V. ROSADO</u>       PART            **33M**

*Justice*

---------------------------------------------------------------------X

| | |
|---|---|
| SAROJ GAMBHIR, BIMAL GAMBHIR | INDEX NO.     151609/2021 |
| Plaintiff, | MOTION DATE     N/A |
| - v - | MOTION SEQ. NO.     001 |
| LIBERTY STREET REALTY LLC,LIBERTY PLAZA, | |
| Defendant. | **DECISION + ORDER ON MOTION** |

---------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39

were read on this motion to/for        <u>JUDGMENT - SUMMARY</u> .

Upon the foregoing documents, and after oral argument, which took place on July 30, 2024, where Steven L. Sonkin, Esq. appeared for Plaintiffs Saroj Gambhir ("Mrs. Gambhir") and Bimal Gambhir (collectively "Plaintiffs") and Robert J. Doolan, Esq. appeared for Defendants Liberty Street Realty LLC and Liberty Plaza (collectively "Defendants"), Defendants' motion for summary judgment dismissing Plaintiffs' Complaint is granted.

## I.     Background

Mrs. Gambhir claims that she fell on snow and ice on March 21, 2018 (the "Date of the Incident") at 8:45 a.m. while walking in front of 10 Liberty Street, New York, New York (the "Premises") (NYSCEF Doc. 25). Defendants own the Premises (NYSCEF Doc. 24 at ¶ 4). On the Date of the Incident, there was an ongoing winter storm consisting of snow, sleet, and rain, which fell between2:50 a.m. through 11:59 p.m. (NYSCEF Doc. 28). A winter storm warning was in effect and approximately 7 inches of snow fell (*id.*). There had been no snow or ice present near the Premises in the days leading up to Mrs. Gambhir's accident (*id.*).

**151609/2021 GAMBHIR, SAROJ vs. LIBERTY STREET REALTY LLC**
Motion No. 001

**Page 1 of 4**

1 of 4

Mr. Thomas Philipp, a representative of Defendants, testified that he oversaw a staff of 20-23 people and that the building policy is that when snow falls, the staff shovel and salt for the duration of the storm. He further testified that there are workers outside shoveling and salting the sidewalk non-stop until the snowfall is over.

Defendants argue that dismissal is appropriate pursuant to the "storm in progress doctrine." Defendants argue the law affords property owners a reasonable amount of time to clear their properties of snow and ice after cessation of precipitation. The only time property owners are liable for falls on ice during a snowstorm is if a hazardous condition was created through improper snow removal. Defendants rely on the expert affidavits of John Lombardo and Kyle Gravlin, both meteorologists, in support of their storm in progress defense. Defendants argue that any argument that there was improper snow removal is speculative and unsupported by the evidence.

Plaintiffs oppose. Plaintiffs argue that because there is testimony from Defendants that they undertook snow removal at the time of the storm, there is an issue as to whether they removed snow negligently and thereby created the slippery condition. Plaintiffs also allege that Mrs. Gambhir testified it was not snowing at the time of her fall, however they provide no meteorological expert to substantiate this assertion.

In reply, Defendants argue that Mrs. Gambhir's testimony that there was no precipitation is undercut by the fact that she testified that when she exited the subway the sidewalks were icy and covered in watery sleet. Defendants also argue that there is no expert opinion in opposition.

## II.     Discussion

"Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (*Vega v Restani Const. Corp.*, 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and

**151609/2021  GAMBHIR, SAROJ vs. LIBERTY STREET REALTY LLC**
**Motion No.  001**

**Page 2 of 4**

2 of 4

on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." (*Jacobsen v New York City Health and Hosps. Corp.*, 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial (*See e.g., Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

It is well established that "a landowner's duty to take reasonable measures to remedy a dangerous condition caused by a storm is suspended while a storm is in progress and does not commence until a reasonable time after the storm has ended." (*Weinberger v 52 Duane Associates, LLC*, 102 AD3d 618, 619 [1st Dept 2013] citing *Solazzo v New York City Tr. Auth.*, 21 AD3d 735, 735-36 [1st Dept 2005], *addf.* 6 NY3d 734 [2005]).

Deposition testimony, certified meteorological data, and an affidavit from a meteorologist establish a defendant's *prima facie* burden to summary judgment on a storm in progress defense (*Lowenstern v Sherman Square Realty Corp.*, 165 AD3d 432 [1st Dept 2018] citing *Weinberger v 52 Duane Associates, LLC*, [1st Dept 2013]). Further, in the face of such meteorological data, a plaintiff's conclusory deposition testimony that there was no precipitation is insufficient to raise a triable issue of fact (*Giron v New York City Hous. Auth.*, 187 AD3d 603 [1st Dept 2020]).

Once defendant's *prima facie* burden on a storm in progress defense has been met, the burden shifts to the Plaintiff to show that the defendant created the alleged condition or made it more hazardous. However, without an expert affidavit explaining how a defendant's snow-removal practices caused or exacerbated the alleged condition, the plaintiff's assertions are speculative and insufficient to defeat summary judgment (*Colon v Site A-Washington Heights*, 205 AD3d 500, 501 [1st Dept 2022] citing *Sevilla v Calhoun Sch., Inc.*, 127 AD3d 446, 446-47 [1st Dept 2015]). Moreover, without any concrete evidence that snow or ice existed on the sidewalk from a prior

**151609/2021 GAMBHIR, SAROJ vs. LIBERTY STREET REALTY LLC**
**Motion No. 001**

**Page 3 of 4**

3 of 4

[* 3]

storm, a plaintiff will be unable to defeat defendant's *prima facie* showing of a storm in progress defense (*DeJesus v Belle Apartments Hous. Dev. Fund Corp.*, 191 AD3d 424 [1st Dept 2021]).

Here, the meteorological data shows that there was a winter storm in progress at the time of Plaintiff's fall. Moreover, the data shows there was no snow present on the days leading up to the incident. Although Mrs. Gambhir claims it was not snowing when she exited the subway, this is contradicted by the certified weather data, and her conclusory assertion is insufficient to overcome summary judgment. Moreover, although there is testimony that Defendants shoveled and salted the sidewalk during the storm, Plaintiffs have provided no evidence that the salting and shoveling was in any way negligent or exacerbated the allegedly icy condition. This argument is speculative and insufficient to defeat summary judgment. Based on the case law and undisputed facts, summary judgment in favor of Defendants is appropriate.

Accordingly, it is hereby,

ORDERED that Defendants' motion for summary judgment seeking dismissal of Plaintiffs' Complaint is granted, and Plaintiffs' Complaint is hereby dismissed; and it is further

ORDERED that within ten days of entry, counsel for Defendants shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment accordingly.

This constitutes the Decision and Order of the Court.

| 9/30/2024 | | | | *My V Rosd JSC* | |
|-----------|--|--|--|-----------------|--|
| **DATE** | | | | **HON. MARY V. ROSADO, J.S.C.** | |

| CHECK ONE: | x | CASE DISPOSED | | | NON-FINAL DISPOSITION | |
|------------|---|---------------|--|--|----------------------|--|
| | x | GRANTED | | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

151609/2021   GAMBHIR, SAROJ vs. LIBERTY STREET REALTY LLC
Motion No.  001

Page 4 of 4

4 of 4

[* 4]