Jackson v City of New York (2025 NY Slip Op 03183)

Jackson v City of New York

2025 NY Slip Op 03183

Decided on May 28, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 28, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
WILLIAM G. FORD
CARL J. LANDICINO
DONNA-MARIE E. GOLIA, JJ.

2021-05231
 (Index No. 508164/17)

[*1]Hanna Bergqvist Jackson, et al., appellants,
v
City of New York, et al., respondents.

Marc J. Bern & Partners, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Paul H. Seidenstock, and Jack Lockwood], of counsel), for appellants.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Pauline Esman, Devin Slack, and Kevin Osowski of counsel; Chelsea Clayton on the brief), for respondent City of New York.
Wade Clark Mulcahy, LLP, New York, NY (Michael A. Bono and Abed Z. Bhuyan of counsel), for respondents Lori Silverbush and Thomas Colicchio.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an amended order of the Supreme Court, Kings County (Rosemarie Montalbano, J.), dated June 30, 2021. The amended order, insofar as appealed from, granted those branches of the separate motions of the defendant City of New York and the defendants Lori Silverbush and Thomas Colicchio which were for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the amended order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.
The plaintiff Hanna Bergqvist Jackson allegedly was injured when she slipped and fell on a patch of ice on the sidewalk abutting certain premises owned by the defendants Lori Silverbush and Thomas Colicchio (hereinafter together the Colicchio defendants) at approximately 8:00 a.m. on February 16, 2016. Hanna and her husband, the plaintiff Chad Jackson, suing derivatively, subsequently commenced this action against the Colicchio defendants and the defendant City of New York, inter alia, to recover damages for personal injuries. The Colicchio defendants moved, and the City separately moved, among other things, for summary judgment dismissing the complaint insofar as asserted against each of them. In an amended order dated June 30, 2021, the Supreme Court, inter alia, granted those branches of the defendants' separate motions on the basis of the storm in progress doctrine. The plaintiffs appeal.
Under the storm in progress doctrine, a landowner "'will not be held liable in negligence for a plaintiff's injuries sustained as a result of an icy condition occurring during an ongoing storm or for a reasonable time thereafter'" (Sherman v New York State Thruway Auth., 27 NY3d 1019, 1020-1021, quoting Solazzo v New York City Tr. Auth., 6 NY3d 734, 735; see James v Highland Rehabilitation & Nursing Ctr., 222 AD3d 736, 738). The determination of "whether a reasonable time has elapsed may be decided as a matter of law by the court, based upon the [*2]circumstance of the case" (Keckeisen v South Nassau Communities Hosp., 188 AD3d 1174, 1175; see Bryant v Retail Prop. Trust, 186 AD3d 793, 794).
Here, climatological data submitted by the City in support of its motion established that precipitation began on February 15, 2016, and continued overnight until 4:00 a.m. on February 16, 2016. Since Hanna's fall occurred at 8:00 a.m. that morning, the City established that it did not have reasonably sufficient time to remedy the allegedly dangerous condition (see Wei Wen Xie v Ye Jiang Yong, 111 AD3d 617, 618; Smith v Christ's First Presbyt. Church of Hempstead, 93 AD3d 839, 840). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the storm in progress doctrine applies (see Smith v Christ's First Presbyt. Church of Hempstead, 93 AD3d at 840). The Supreme Court properly granted that branch of the City's motion which was for summary judgment dismissing the complaint insofar as asserted against it and, contrary to the plaintiffs' contention, properly, in effect, searched the record and awarded summary judgment to the Collichio defendants dismissing the complaint insofar as asserted against them on the basis of the storm in progress doctrine (see CPLR 3212[b]; Zhigue v Lexington Landmark Props., LLC, 183 AD3d 854, 856).
The plaintiffs' contention that a triable issue of fact exists as to whether the ice on which Hanna allegedly fell was the result of an earlier storm is improperly raised by the plaintiffs for the first time on appeal (see Canario v City of New York, 246 AD2d 618, 619).
In light of our determination, the parties' remaining contentions with respect to whether section 7-210 of the Administrative Code of the City of New York applies to the Collichio defendants need not be considered.
Accordingly, we affirm the amended order insofar as appealed from.
DILLON, J.P., FORD, LANDICINO and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court