Harris v New York City Tr. Auth. (2025 NY Slip Op 04635)

Harris v New York City Tr. Auth.

2025 NY Slip Op 04635

Decided on August 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
LAURENCE L. LOVE
PHILLIP HOM, JJ.

2023-09999
 (Index No. 8531/12)

[*1]Shirley Harris, respondent, 
v
New York City Transit Authority, appellant, et al, defendant.

Anna J. Ervolina, Brooklyn, NY (Theresa A. Frame and Timothy J. O'Shaughnessy of counsel), for appellant.
Sacco & Fillas, LLP, Astoria, NY (Malik E. Anderson of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant New York City Transit Authority appeals from an order of the Supreme Court, Kings County (Patria Frias-Colón, J.), dated September 29, 2023. The order denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and the defendant New York City Transit Authority's motion for summary judgment dismissing the complaint insofar as asserted against it is granted.
At approximately 9:15 a.m. on January 27, 2011, the plaintiff slipped and fell on snow and ice that had accumulated on an uncovered staircase at the Livonia Avenue subway station in Brooklyn, which was owned and operated by the defendant New York City Transit Authority. Between 7:20 a.m. on January 26, 2011, and 4:30 a.m. on January 27, 2011, nearly 17 inches of snow, ice, and sleet had fallen at the station. The storm generated a declaration of a weather emergency for New York City, and broke the City's record for January snowfall. The plaintiff usually traveled by bus but on that day the bus was not running, so she took the subway.
The plaintiff commenced this action against the New York City Transit Authority (hereinafter the defendant) and another defendant to recover damages for personal injuries that she allegedly sustained as a result of the fall. The defendant moved for summary judgment dismissing the complaint insofar as asserted against it, contending that the storm in progress rule applied. The defendant submitted evidence as to the nature of the extraordinary storm, the extent of the City's subway system, and the number of stations and stairways exposed to the elements. In an order dated September 29, 2023, the Supreme Court denied the motion. The defendant appeals.
Under the storm in progress rule, a property owner will not be held liable for accidents caused by accumulation of snow unless "an adequate period of time has passed following the cessation of the storm to allow the owner an opportunity to ameliorate the hazards caused by the storm" (Acocal v City of Yonkers, 179 AD3d 630, 631). "[T]he question of whether a reasonable time has elapsed may be decided as a matter of law by the court, based upon the circumstances of the case" (Baolin Liu v Westchester Prop. Mgt. Group, Inc., 145 AD3d 942, 943; see Bryant v Retail [*2]Prop. Trust, 186 AD3d 793, 794).
Here, the defendant made a prima facie showing of its entitlement to judgment as a matter of law by submitting an affidavit of a meteorologist, with attached certified climatological data, which demonstrated that at the time of the plaintiff's accident, less than five hours had passed since the end of an extraordinary snowstorm (see Fitzsimons v North Shore Univ. Hosp., 205 AD3d 684, 685; Bryant v Retail Prop. Trust, 186 AD3d at 793-794; Rusin v City of New York, 133 AD3d 648; Smith v Christ's First Presbyt. Church of Hempstead, 93 AD3d 839, 840). In opposition, the plaintiff failed to raise a triable issue of fact (see Rusin v City of New York, 133 AD3d at 648).
Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.
The plaintiff's remaining contentions are improperly raised for the first time on appeal (see Wells Fargo Bank v Islam, 174 AD3d 670, 671-672).
BARROS, J.P., WOOTEN, LOVE and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court