■ LUTHER TELFAIR, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 62549.) — In a combined negligence and malpractice claim to recover damages for personal injuries, the claimant appeals, *inter alia,* on the ground of inadequacy, from a judgment of the Court of Claims (Lengyel, J.), dated January 29, 1981, which was in his favor, after a nonjury trial. Judgment reversed, on the law, with costs, and case remitted to the Court of Claims for further proceedings in accordance herewith. The claimant, while a prisoner at the Mid-Orange Correctional Facility, injured his wrist when he slipped and fell while mopping water in his residential cottage. The water had dripped from a faulty pipe and had accumulated in the kitchen area. Prison doctors initially failed to diagnose a fracture in the claimant's wrist and, thereafter, failed to treat the fracture properly. As a result, the claimant suffered permanent injury to his wrist and hand. Following trial, the court, concluding that the State had had sufficient constructive notice of the dangerous condition, found that "the State was negligent and that its negligence was a proximate cause of the accident and injury sustained by [the claimant]." The court also found, however, that the claimant "did not exercise due care in the mopping operation and that his negligence was also a proximate cause of the accident and injury." The court assigned "50% of the blame to the State and 50% of the blame to the claimant herein." After discussing the evidence of malpractice, the court wrote: "It is my opinion that a totally blameless claimant would be entitled to receive $30,000.00 for the injury sustained by Mr. Telfair. This includes all pain and suffering, the cost of surgical procedure, the effect of the medical malpractice, and the permanent limitations caused by the injury. However, as I have found that Mr. Telfair's culpable conduct was 50% to blame for what occurred, I award him the sum of $15,000.00." In our view, the court should have apportioned the damages between those arising from the State's negligence in failing to correct the condition in the cottage and those arising from the subsequent malpractice. The claimant's negligence can properly be held to have contributed only to the former, and therefore only the damages assessed by reason of the State's negligence may be reduced by 50%; the damages arising out of the malpractice should be awarded to the claimant in full. Accordingly, we reverse the judgment and remit the case to the Court of Claims so that a proper assessment of damages can be made. Mollen, P. J., Lazer, Mangano and Niehoff, JJ., concur.