■ MICHAEL McKENNA, an Infant, by His Guardian ad Litem, KATHLEEN RIBAUDO, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 61761-A.) SALLY A. McKENNA et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 62799.) — In claims to recover damages for personal injuries, etc., the appeals are from (1) two judgments of the Court of Claims (Blinder, J.), both dated February 24, 1982, which, after a nonjury trial, dismissed the claims and (2) an order of the same court, dated May 24, 1982, which denied claimants' motions pursuant to CPLR 4404 (subd [b]) for a new trial. Judgments reversed, on the law, without costs or disbursements, and the case is remitted to the Court of Claims for further proceedings consistent herewith. The appeal from the order is dismissed as moot, without costs or disbursements, in light of the determination on the appeals from the judgments. The further proceedings shall be held before a Judge other than the one who presided at the trial. The infant claimant and his mother were injured in a traffic accident. The collision occurred when the claimants' car made a left turn from a local street onto Route 202. The intersection where the collision occurred was controlled by a stop sign maintained by the defendant. It is uncontested that two large trees, 18 and 24 inches wide, respectively, located on Route 202, obstructed the view of a driver attempting to enter that route from the local street. The obstruction clearly violated State standards. In fact, the State's regional director of the Department of Transportation admitted, in a letter, that "the trees adjacent to the roadway at this location present a serious sight distance restriction". The mother testified that upon stopping at the intersection, she could not see beyond the trees. After stopping, she inched her vehicle forward to obtain a better view of the intersection. She looked in both directions to determine whether it was safe to proceed. The only other thing she remembers is that she did not see the oncoming vehicle. The driver of the other vehicle did not appear at the trial, although he subsequently appeared at an examination before trial in a related action. The Court of Claims held that the claimants failed to prove that the inadequate sight distance was a contributing cause of the accident. In this case, the injured claimants suffered from traumatic amnesia and, thus, they are entitled to prevail upon a lesser degree of proof (see *Schecter v Klanfer*, 28 NY2d 228, 230; *Noseworthy v City of New York*, 298 NY 76, 80). Upon our examination of the record, it appears that the trees severely limited the mother's ability to see

oncoming cars. The trial record is devoid of any evidence as to the speed of the other vehicle or its distance from the intersection when claimants' vehicle entered the intersection. As a matter of law, we hold that the inadequate sight distance was a contributing cause of the traffic accident. Accordingly, the case is remitted to the Court of Claims for an assessment of damages and an apportionment of liability (see CPLR 1411). Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur.