■ RICHARD WASHINGTON, Respondent, v COMMUNITY MUTUAL SAVINGS BANK, Appellant, et al., Defendant. [764 NYS2d 191] —In an action to recover damages for personal injuries, the defendant Community Mutual Savings Bank appeals from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered December 23, 2002, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed insofar as asserted against the appellant.

The plaintiff slipped and fell on snow and/or ice on the sidewalk in front of the defendant Community Mutual Savings Bank (hereinafter the Bank). The plaintiff commenced this action alleging, inter alia, that the Bank negligently removed snow from the sidewalk. The Supreme Court denied the Bank's motion for summary judgment dismissing the complaint insofar as asserted against it. We reverse.

A movant for summary judgment must demonstrate an entitlement to judgment as a matter of law by tendering sufficient evidence to eliminate any material issues of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). The Bank established its prima facie entitlement to summary judgment by presenting evidence that there was an ongoing snowstorm at the time of the plaintiff's fall. There is no duty to remove

snow and ice during an ongoing storm, and there can be no liability for failure to remove accumulated snow and ice until a reasonable time after the end of the storm *(see Gibbs v Rochdale Vil.,* 282 AD2d 706 [2001]; *Kennedy v C & C New Main St. Corp.,* 269 AD2d 499 [2000]; *Mangieri v Prime Hospitality Corp.,* 251 AD2d 632, 633 [1998]). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's claim that the snow removal undertaken by the Bank was negligent is unavailing because the plaintiff failed to show that the snow removal created or increased any hazard *(see Kennedy v C & C New Main St. Corp., supra; Mangieri v Prime Hospitality Corp., supra).* Accordingly, the Bank's motion for summary judgment dismissing the complaint insofar as asserted against it should have been granted. Florio, J.P., S. Miller, Friedmann, Adams and Rivera, JJ., concur.