SANDRA STEVENS, Appellant, v STATE OF NEW YORK, Respondent. [850 NYS2d 472]—

In a claim to recover damages for personal injuries, the claimant appeals from a judgment of the Court of Claims (Scuccimarra, J.), dated August 10, 2005, which, after a nonjury trial on the issue of liability, and upon a decision of the same court dated July 8, 2005, dismissed the claim.

Ordered that the judgment is reversed, on the law and the facts, with costs, the claim is reinstated, the claimant is awarded judgment against the defendant on the issue of liability, and the matter is remitted to the Court of Claims for a trial on the issue of damages.

The evidence at trial showed that the claimant stepped down off a sidewalk on a roadway, whereupon her foot got "stuck" in a pothole that was in the roadway. As a result, the claimant fell.

The claimant, who asserted that the pothole constituted a dangerous condition, commenced the instant claim against the defendant, which was responsible for maintaining the roadway, seeking to recover damages for injuries that she allegedly sustained as a result of her fall. The matter proceeded to a trial on the issue of liability, after which the Court of Claims dismissed the claim.

In reviewing a determination made after a nonjury trial, the

power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds "warranted by the facts," bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses (*Northern Westchester Professional Park Assoc. v Town of Bedford,* 60 NY2d 492, 499 [1983]; *see Domanova v State of New York,* 41 AD3d 633, 634 [2007]; *Mastroianni v State of New York,* 35 AD3d 674, 675 [2006]). Here, the Court of Claims determined that the defendant bore no responsibility for the claimant's injuries. However, we conclude that this determination was not warranted by the facts. Based on our review of, among other things, photographs depicting the pothole that were introduced into evidence, the witnesses' descriptions of the pothole, and expert testimony indicating that someone's foot could get "trap[ped]" if they stepped down into the pothole, we conclude that the pothole constituted a dangerous condition, was visible and existed for a sufficient period of time so as to place the defendant on constructive notice of its existence (*see Gordon v American Museum of Natural History,* 67 NY2d 836, 837 [1986]), and was a proximate cause of the claimant's injuries. Accordingly, we award the claimant judgment against the defendant on the issue of liability, and remit the matter to the Court of Claims for a trial on the issue of damages (*see Emmi v State of New York,* 143 AD2d 876, 878 [1988]). Spolzino, J.P., Ritter, Covello and Dickerson, JJ., concur.