■ WANDA BRANDON, Respondent-Appellant, v SALOMON HALLIVIS et al., Appellants-Respondents, and 85 PITT GROCERY, INC., Respondent, et al., Defendant. [888 NYS2d 575]—

In an action to recover damages for personal injuries, the defendants Salomon Hallivis and 85-87 Pitt Street Realty Corp. appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Jacobson, J.), dated September 23, 2008, as denied their cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and the plaintiff cross-appeals, as limited by her notice of appeal and brief, from so much of the same order as granted that branch of the motion of the defendant 85 Pitt Grocery, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, and the cross motion of those defendants for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is granted; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants Salomon Hallivis and 85-87 Pitt Street Realty Corp., and the defendant 85 Pitt Grocery, Inc., appearing separately and filing separate briefs, payable by the plaintiff.

The plaintiff alleged that, on January 15, 2006, at approximately 7:30 A.M., she slipped and fell on a patch of ice on the sidewalk in front of a grocery store located at 85 Pitt Street in Manhattan. It is undisputed that it had snowed that morning between 1:00 A.M. and 4:00 A.M., with accumulation totaling approximately two inches. It is also undisputed that the grocery store was closed at the time of the accident, and did not open for business until 8:30 A.M. The plaintiff commenced this action against, among others, the building owners Salomon Hallivis and 85-87 Pitt Street Realty Corp. (hereinafter together the owners) and the grocery store 85 Pitt Grocery, Inc. (hereinafter Pitt Grocery), asserting causes of action sounding in negligence. After joinder of issue, Pitt Grocery moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and the owners cross-moved for the same relief. The Supreme Court, inter alia, denied the owners' cross motion and granted that branch of Pitt Grocery's motion which was for summary judgment dismissing the complaint insofar as asserted against it. The owners appeal the denial of their cross motion and the plaintiff cross-appeals from so much of the order as granted that branch of Pitt Grocery's motion which was for summary judgment dismissing the complaint insofar as asserted against it.

The owners and Pitt Grocery established their prima facie entitlement to judgment as a matter of law with evidence that they had no actual or constructive notice of the allegedly dangerous condition and, in any event, did not have a reasonably sufficient time to remedy the allegedly dangerous condition prior to the plaintiff's accident (see Lee-Pack v 1 Beach 105 Assoc., LLC, 29 AD3d 644 [2006]; Washington v Community Mut. Sav. Bank, 308 AD2d 444, 445 [2003]; Joseph v Danice Stores of Nostrand Ave., 290 AD2d 536 [2002]; Whitt v St. John's Episcopal Hosp., 258 AD2d 648 [1999]; Urena v New York City Tr. Auth., 248 AD2d 377 [1998]). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court properly granted that branch of Pitt Grocery's motion which was for summary judgment dismissing the complaint insofar as asserted against it, and should have granted the owners' cross motion. Rivera, J.P., Fisher, Belen and Austin, JJ., concur.