TERENCE J. McGOWAN et al., Appellants, v STATE OF NEW YORK, Respondent. [913 NYS2d 750]—

In a claim to recover damages for personal injuries, etc., the claimants appeal from a judgment of the Court of Claims (Lack,

J.), dated February 9, 2010, which, upon a decision of the same court dated December 31, 2009, made after a nonjury trial on the issue of liability, is in favor of the defendant and against them dismissing the claim.

Ordered that the judgment is reversed, on the law and the facts, with costs, the claim is reinstated, the claimants are awarded judgment against the defendant on the issue of liability to the extent that the defendant is found 60% at fault in the happening of the accident and the claimant Terence J. McGowan is found 40% at fault in the happening of the accident, and the matter is remitted to the Court of Claims for a trial on the issue of damages and the entry of an appropriate amended judgment thereafter.

Terence J. McGowan (hereinafter McGowan) was injured on March 7, 2003, in a fall on snow-and-ice-covered steps outside of a door to Building 26 on the grounds of Pilgrim State Psychiatric Center in Central Islip, a facility owned by the State of New York and operated by the New York State Office of Mental Health. Specifically, McGowan fell immediately outside of a door providing ingress to and egress from the office of his employer, the Dormitory Authority of the State of New York (hereinafter DASNY), which occupied space in Building 26. On the day of the accident, McGowan entered Building 26 through the main entrance of that building at approximately 9:00 A.M. and, shortly thereafter, decided to retrieve an item from his car. Upon exiting Building 26 from DASNY's door to walk to his car, he slipped and fell.

Within a few hours of the occurrence, McGowan took photographs of the steps outside of DASNY's door, which depicted snow and ice on the steps, and also took photographs of the area surrounding Building 26, which showed that the area had been completely cleared of snow and ice. It is undisputed that the exterior steps adjacent to the main entrance of Building 26 were cleared by the maintenance department of Pilgrim State Psychiatric Center, which was also housed in that building, and that the maintenance department was also responsible for removing snow and ice from the steps immediately outside of DASNY's door.

The claimants, who asserted that the snow-and-ice-covered steps constituted a dangerous condition, commenced the instant claim against the State of New York, seeking to recover damages for, inter alia, injuries that McGowan sustained as a result of his slip-and-fall accident. A trial on the issue of liability was conducted in the Court of Claims, which concluded that the State did not have a reasonable amount of time to clear the

snow and ice after the cessation of the snowstorm that caused the accumulation of the snow and ice, and dismissed the claim. We reverse.

In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds "warranted by the facts," bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses (*Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *see Stevens v State of New York*, 47 AD3d 624, 624-625 [2008]; *Domanova v State of New York*, 41 AD3d 633, 634 [2007]; *Emmi v State of New York*, 143 AD2d 876, 878 [1988]; *Marren v State of New York*, 142 AD2d 717, 718 [1988]; *Reavey v State of New York*, 125 AD2d 656 [1986]; *Matter of Fasano v State of New York*, 113 AD2d 885 [1985]; *McKenna v State of New York*, 91 AD2d 1066 [1983]; *Telfair v State of New York*, 87 AD2d 610 [1982]).

Here, the Court of Claims determined that the State bore no responsibility for McGowan's injuries. However, this determination was not supported by the facts. The claimants demonstrated, by a preponderance of the evidence, that the State knew or should have known in the exercise of reasonable care that a dangerous snow-and-ice condition existed on the morning of March 7, 2003, on the steps immediately outside of DASNY's door, and that the State had a reasonable time from the cessation of the snowfall—which had occurred before McGowan fell—to have taken remedial action, i.e., shoveling the snow at that location or applying "ice melt," which was stored in Building 26 (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *Medina v La Fiura Dev. Corp.*, 69 AD3d 686 [2010]; *Baines v G&D Ventures, Inc.*, 64 AD3d 528, 528-529 [2009]). Thus, the claimants met their burden of showing that the State failed to exercise due care to correct the dangerous condition within a reasonable time after the cessation of the snowstorm, and that this failure was a proximate cause of McGowan's injuries (*see McGowan v State of New York*, 41 AD3d 670 [2007]). The State, which admittedly was responsible for the maintenance of this area, was unable to establish that, at the time of the accident, the storm was still in progress or had recently ended, such that it did not have a sufficient amount of time to clear the snow from the steps (*cf. Fahey v Serota*, 23 AD3d 335, 336-337 [2005]; *Dowden v Long Is. R.R.*, 305 AD2d 631 [2003]; *Grau v Taxter Park Assoc.*, 283 AD2d 551, 551-552 [2001]). Accordingly, the claimants should have been awarded judgment against the State on the issue of liability and we,

thus, remit the matter to the Court of Claims for a trial on the issue of damages (*see Stevens v State of New York*, 47 AD3d at 625; *Emmi v State of New York*, 143 AD2d at 878).

Although we conclude that the claimants established a prima facie case of negligence against the State, based on its notice of the existence of a dangerous condition on the steps, we also conclude, based upon our examination of the record, that McGowan was not without fault in the incident. He also had prior notice of the existence of the dangerous condition, and could have exercised greater care in traversing the stairs. Based upon an assessment of the evidence in the record, we conclude that an appropriate apportionment of fault is 60% to the State and 40% to McGowan (*see Emmi v State of New York*, 143 AD2d at 879; *Marren v State of New York*, 142 AD2d at 720; *Matter of Fasano v State of New York*, 113 AD2d at 889; *Telfair v State of New York*, 87 AD2d at 610).

In light of our determination, we need not reach the claimants' remaining contentions. Rivera, J.P., Dillon, Angiolillo and Austin, JJ., concur.