■ KAREN McCURDY, Respondent, v KYMA HOLDINGS, LLC, Appellant. [971 NYS2d 137]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated February 23, 2012, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

On February 17, 2010, at approximately 7:00 a.m. the plaintiff allegedly was injured when she slipped and fell on ice located in front of the apartment building where she resided. Thereafter, the plaintiff commenced this action against the defendant, the owner of the building. The Supreme Court denied the defendant's motion for summary judgment dismissing the complaint.

"A defendant may be held liable for a dangerous condition on its premises caused by the accumulation of snow or ice upon a showing that it had actual or constructive notice of the condition, and that a reasonably sufficient time had lapsed since the cessation of the storm to take protective measures" (*Sabatino v 425 Oser Ave., LLC*, 87 AD3d 1127, 1128 [2011]; *see Roofeh v 141 Great Neck Rd. Condominium*, 85 AD3d 893, 893-894 [2011]; *Robles v City of New York*, 255 AD2d 305, 306 [1998]). "Under the 'storm in progress' rule, a property owner will not be held liable for accidents occurring as a result of the accumulation of snow or ice on its premises until an adequate period of time has passed following the cessation of the storm, within which time the owner has the opportunity to ameliorate the hazards caused by the storm" (*Smith v Christ's First Presbyt.*

*Church of Hempstead*, 93 AD3d 839, 840 [2012]; *see Solazzo v New York City Tr. Auth.*, 6 NY3d 734, 735 [2005]; *Weller v Paul*, 91 AD3d 945, 947 [2012]).

Here, the defendant established its prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that it had no actual or constructive notice of the allegedly dangerous condition (*see Brandon v Hallivis*, 67 AD3d 618, 619 [2009]; *Lee-Pack v 1 Beach 105 Assoc., LLC*, 29 AD3d 644, 645 [2006]; *Ronconi v Denzel Assoc.*, 20 AD3d 559, 560 [2005]). Moreover, the defendant demonstrated, prima facie, that a reasonably sufficient time had not elapsed after the precipitation that resulted in the icy condition ended to permit it to remedy the allegedly dangerous condition prior to the plaintiff's accident in the early morning hours (*see Brandon v Hallivis*, 67 AD3d at 619; *Lee-Pack v 1 Beach 105 Assoc., LLC*, 29 AD3d at 645; *Whitt v St. John's Episcopal Hosp.*, 258 AD2d 648, 648-649 [1999]; *Urena v New York City Tr. Auth.*, 248 AD2d 377, 378 [1998]).

In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The deposition testimony of a person who witnessed the accident revealed that "stickable icy pellets" were falling on the morning of the accident. Furthermore, the plaintiff failed to establish that the defendant either created or exacerbated the condition upon which the plaintiff slipped (*see Whitt v St. John's Episcopal Hosp.*, 258 AD2d at 649).

Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Dillon, J.P., Roman, Miller and Hinds-Radix, JJ., concur.