■ NICOLE LALLA, Appellant, v STATE OF NEW YORK et al., Respondents. [10 NYS3d 261]—

In a claim to recover damages for personal injuries, the claimant appeals from a judgment of the Court of Claims (Marin, J.), dated August 19, 2013, which, upon a decision of the same court dated July 19, 2013, made after a nonjury trial on the issue of liability, is in favor of the defendants and against her dismissing the claim. By decision and order on motion of this Court dated March 12, 2014, the notice of appeal from the decision was deemed to be a notice of appeal from the judgment (*see* CPLR 5512 [a]).

Ordered that the judgment is reversed, on the law and the facts, with costs, the claim is reinstated, the claimant is awarded judgment against the defendants on the issue of liability, and the matter is remitted to the Court of Claims for a trial on the issue of damages and the entry of an appropriate amended judgment thereafter.

On February 2, 2011, at about 7:50 a.m., the claimant, a student at the defendant College of Staten Island (hereinafter the College), sustained injuries when she slipped and fell on snow, slush, and ice on the exterior stairway of Building 2A on the campus of the College. The claimant testified that snow fell on the night before her accident and, around midnight, she looked out of her window and saw snow on the ground. According to the claimant, when she woke up at about 7:00 a.m. on February 2, 2011, it was no longer snowing, and she saw the same amount of snow on the ground as she did at midnight. Since no classes had been delayed or cancelled, she left for her 8:00 a.m. class at about 7:30 or 7:45 a.m. It took the claimant about five minutes to drive the approximately two miles from her house to the College.

The claimant testified at trial that her class was held at Building 1P, and that when she arrived at the College on February 2, 2011, she observed snow, slush, and ice on the pathway

that connected a parking lot to Building 1P. The claimant explained that, instead of taking this pathway to Building 1P, she decided to enter Building 2A and walk indoors to reach Building 1P. As she recounted, there was also snow, slush, and ice on the steps leading to Building 2A. According to the claimant, as she ascended the steps, she slipped and fell on snow, slush, and ice on the second step from the bottom.

The claimant commenced the instant claim against the defendants, alleging that the snow-, ice-, and slush-covered steps constituted a dangerous condition. After a trial on the issue of liability, the Court of Claims dismissed the claim. We reverse, and award judgment on the issue of liability to the claimant.

In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds "warranted by the facts," bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses (*Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]).

Here, the determination of the Court of Claims that the plaintiff failed to prove her case by a preponderance of the evidence was not warranted by the facts. The claimant demonstrated, by a preponderance of the evidence, that the defendants knew or should have known, in the exercise of reasonable care, that a dangerous condition existed on the morning of February 2, 2011, on the steps immediately outside of Building 2A, and that they had a reasonable time from the cessation of the snowfall, which had occurred before the plaintiff's accident, to have taken remedial action (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *McGowan v State of New York*, 79 AD3d 984, 986 [2010]). Thus, the claimant met her burden of showing that the defendants failed to exercise due care to correct the dangerous condition within a reasonable time after the cessation of the snowfall, and that this failure was a proximate cause of her injuries (*see McGowan v State of New York*, 79 AD3d at 986).

Furthermore, the defendants, which were responsible for the maintenance of the subject steps, failed to establish that, at the time of the accident, the storm was still in progress or had recently ended such that they did not have a sufficient amount of time to clear the snow, slush, and ice from the steps (*see McGowan v State of New York*, 79 AD3d at 986; *cf. Dowden v Long Is. R.R.*, 305 AD2d 631 [2003]). Contrary to the defendants' contention, the evidence does not warrant a finding that the plaintiff was comparatively at fault in the happening of the ac-

cident (*see Perales v City of New York*, 274 AD2d 349 [2000]; *cf. McGowan v State of New York*, 79 AD3d at 986).

Accordingly, the claimant should have been awarded judgment against the defendants on the issue of liability and we, thus, reinstate the claim, award judgment to the claimant on the issue of liability, and remit the matter to the Court of Claims for a trial on the issue of damages (*see McGowan v State of New York*, 79 AD3d at 987; *Stevens v State of New York*, 47 AD3d 624, 625 [2008]), and the entry of an appropriate amended judgment thereafter. Balkin, J.P., Leventhal, Hall and Hinds-Radix, JJ., concur.