■ ALFIDA DUMELA-FELIX, Plaintiff, v FGP WEST STREET, LLC, Appellant. [22 NYS3d 896]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated September 12, 2014, as denied that branch of its motion which was for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs payable by the plaintiff, and that branch of the defendant's motion which was for summary judgment dismissing the complaint is granted.

"Under the so-called 'storm in progress' rule, a property owner will not be held responsible for accidents occurring as a result of the accumulation of snow and ice on its premises until an adequate period of time has passed following the cessation of the storm to allow the owner an opportunity to ameliorate the hazards caused by the storm" (*Marchese v Skenderi*, 51 AD3d 642, 642 [2008]; *see Solazzo v New York City Tr. Auth.*, 6 NY3d 734, 735 [2005]; *Rabinowitz v Marcovecchio*, 119 AD3d 762, 762 [2014]). On a motion for summary judgment, the question of whether a reasonable time has elapsed may be decided as a matter of law by the court, based upon the circumstances of the case (*see Valentine v City of New York*, 57 NY2d 932, 933-934 [1982]).

Here, the defendant established its prima facie entitlement to judgment as a matter of law by submitting evidence, including climatological data, demonstrating that it did not have a reasonable opportunity to remedy the allegedly dangerous condition that was created by the extraordinary snowstorm

(*see id.* at 933-934; *Rusin v City of New York*, 133 AD3d 648 [2015]). The plaintiff did not submit any opposition papers. Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was for summary judgment dismissing the complaint. Rivera, J.P., Balkin, Roman and Sgroi, JJ., concur.