◼ ANTHONY GIORDANO, Respondent, v ANN E. GIORDANO, Appellant. [30 NYS3d 896]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Pineda-Kirwan, J.), entered July 6, 2015, which denied her motion for summary judgment dismissing the complaint and her separate motion pursuant to CPLR 3126 to dismiss the complaint for the plaintiff's failure to comply with court-ordered discovery.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly sustained personal injuries when he was ascending a ladder inside the defendant's garage and the ladder moved, causing both the ladder and the plaintiff to fall to the ground. The plaintiff commenced this action against the defendant, alleging that a slimy substance on the ground had caused the ladder to move. The defendant moved for summary judgment dismissing the complaint, contending that the plaintiff did not know what had caused him to fall and that she did not create the alleged slimy condition or have actual or constructive notice of same. The defendant separately moved pursuant to CPLR 3126 to dismiss the complaint for the plaintiff's failure to comply with court-ordered discovery. The Supreme Court denied both motions.

With respect to the defendant's motion for summary judgment dismissing the complaint, "[i]n order for a landowner to be liable in tort to a plaintiff who is injured as a result of an allegedly defective condition upon property, it must be established that a defective condition existed and that the landowner affirmatively created the condition or had actual or constructive

notice of its existence" (*Lezama v 34-15 Parsons Blvd, LLC*, 16 AD3d 560, 560 [2005]; *see Kruger v Donzelli Realty Corp.*, 111 AD3d 897 [2013]; *Fontana v R.H.C. Dev., LLC*, 69 AD3d 561, 562 [2010]; *Bodden v Mayfair Supermarkets*, 6 AD3d 372, 373 [2004]). "[A] defendant can [also] make its prima facie showing of entitlement to judgment as a matter of law by establishing that the plaintiff cannot identify the cause of his or her fall without engaging in speculation" (*Ash v City of New York*, 109 AD3d 854, 855 [2013]; *see Mitgang v PJ Venture HG, LLC*, 126 AD3d 863, 863-864 [2015]; *Kudrina v 82-04 Lefferts Tenants Corp.*, 110 AD3d 963, 964 [2013]).

Here, the defendant established her prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff could not identify what had caused the ladder to move without engaging in speculation (*see Viviano v KeyCorp*, 128 AD3d 811, 812 [2015]; *Patrick v Costco Wholesale Corp.*, 77 AD3d 810, 811 [2010]; *Duncan v Toles*, 21 AD3d 984 [2005]). In opposition, the plaintiff submitted the deposition testimony of a nonparty witness, which raised a triable issue of fact as to whether the alleged slimy substance had caused the ladder to move and, consequently, the plaintiff to fall and sustain personal injuries (*see generally Buglione v Spagnoletti*, 123 AD3d 867 [2014]). Additionally, a triable issue of fact exists as to whether the defendant, who did not inspect the garage within the week prior to the accident, had constructive notice of the alleged slimy condition (*see Korn v Parkside Harbors Apts., LLC*, 134 AD3d 769, 769-770 [2015]; *Campbell v New York City Tr. Auth.*, 109 AD3d 455 [2013]; *Yioves v T.J. Maxx, Inc.*, 29 AD3d 572, 573 [2006]). Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint.

With respect to the defendant's motion pursuant to CPLR 3126 to dismiss the complaint, contrary to the plaintiff's contention, the motion was accompanied by an adequate affirmation of good faith (*see* 22 NYCRR 202.7 [c]). As to the merits, the evidence proffered did not show that the plaintiff's conduct in failing to timely comply with discovery orders was willful and contumacious (*see Scorzari v Pezza*, 111 AD3d 916 [2013]; *Gironda v Katzen*, 19 AD3d 644, 645 [2005]; *Halikiopoulos v New York Hosp. Med. Ctr. of Queens*, 284 AD2d 373 [2001]). Accordingly, the striking of the plaintiff's pleadings was not warranted. Rivera, J.P., Austin, Roman and Cohen, JJ., concur.