■ KEVIN COONS, Appellant, v ANDREA SORRENTINO, Appellant, and STONE HILL AT MUTTONTOWN HOMEOWNERS ASSOCIATION, INC., Respondent. [43 NYS3d 501]—

In an action to recover damages for personal injuries, the plaintiff appeals, and the defendant Andrea Sorrentino separately appeals, from an order of the Supreme Court, Nassau County (Palmieri, J.), entered May 21, 2015, which granted the motion of the defendant Stone Hill at Muttontown Homeowners Association, Inc., for summary judgment dismissing the complaint insofar as asserted against it and dismissing the cross claim asserted against it by the defendant Andrea Sorrentino.

Ordered that the appeal by the plaintiff from so much of the order as granted that branch of the motion of the defendant Stone Hill at Muttontown Homeowners Association, Inc., which was for summary judgment dismissing the cross claim of the defendant Andrea Sorrentino is dismissed, as the plaintiff is not aggrieved thereby; and it is further,

Ordered that the appeal by the defendant Andrea Sorrentino from so much of the order as granted that branch of the motion of the defendant Stone Hill at Muttontown Homeowners Association, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it is dismissed, as she is not aggrieved thereby; and it is further,

Ordered that the order is reversed, on the law, and the motion of the defendant Stone Hill at Muttontown Homeowners Association, Inc., for summary judgment dismissing the complaint insofar as asserted against it and the cross claim asserted against it by the defendant Andrea Sorrentino is denied; and it is further,

Ordered that one bill of costs is awarded to the plaintiff and the defendant Andrea Sorrentino.

The plaintiff alleges that while he was working for nonparty United Parcel Service and delivering a package to the home of the defendant Andrea Sorrentino, he slipped and fell on snow and/or ice in her driveway, sustaining personal injuries. At that time, Sorrentino lived in a gated community governed by the defendant Stone Hill at Muttontown Homeowners Association, Inc. (hereinafter Stone Hill). Prior to that time, Stone Hill had suspended Sorrentino's snow removal services for her property, which she received through Stone Hill's snow removal contractor, as a result of her nonpayment of maintenance fees to Stone Hill. The plaintiff subsequently commenced this action against Sorrentino and Stone Hill to recover damages for personal injuries. Thereafter, Stone Hill moved for summary judgment dismissing the complaint insofar as asserted against it and Sorrentino's cross claim, and the Supreme Court granted the motion.

Since the plaintiff is not aggrieved by that portion of the order granting that branch of Stone Hill's motion which was for summary judgment dismissing Sorrentino's cross claim, we must dismiss so much of his appeal as was from that portion of the order (*see Geoghegan v Peninsula Hosp. Ctr.*, 309 AD2d 834 [2003]). Further, since Sorrentino is not aggrieved by the portion of the order granting that branch of Stone Hill's motion which was for summary judgment dismissing the complaint insofar as asserted against it, we must dismiss so much of her appeal as was from that portion of the order (*see id.* at 834).

Stone Hill failed to establish its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it and the cross claim on the ground that it did not have a duty to maintain Sorrentino's property on the date of the subject accident (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Stone Hill failed to demonstrate, prima facie, that Sorrentino's nonpayment of her maintenance fees relieved it of its duty to perform snow removal services on her property on the date of the subject accident, as was its responsibility under the "Declaration of Covenants, Restrictions, Easements, Charges and Liens," which governed the relationship between Sorrentino, as a property owner at the subject development, and Stone Hill. Since Stone Hill failed to establish its prima facie entitlement to judgment as a matter of law, the burden never shifted to the plaintiff or Sorrentino to raise a triable issue of fact (*see id.* at 853).

Further, Storm Hill failed to demonstrate its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it and the cross claim on the ground of the applicability of the "storm in progress" rule. Based on the evidence submitted by Stone Hill in support of its motion, there remains a triable issue of fact as to whether the storm in progress rule was applicable under the facts of this case. Under the storm in progress rule, a property owner will not be held responsible for accidents occurring as a result of the accumulation of snow and ice on its premises until an adequate period of time has passed following the cessation of the storm to allow the owner an opportunity to ameliorate the hazards caused by the storm (*see Solazzo v New York City Tr. Auth.*, 6 NY3d 734 [2005]; *McCurdy v KYMA Holdings, LLC*, 109 AD3d 799 [2013]; *Smith v Christ's First Presbyt. Church of Hempstead*, 93 AD3d 839, 840 [2012]; *Marchese v Skenderi*, 51 AD3d 642 [2008]). The submissions of Stone Hill failed to eliminate all triable issues as to whether an adequate period of time had passed following the cessation of the storm on the morning of the subject accident so as to have allowed it the opportunity to ameliorate the hazards alleged to have caused the plaintiff's accident in Sorrentino's driveway.

Sorrentino's remaining contention is without merit.

Accordingly, the Supreme Court should have denied Stone Hill's motion for summary judgment in its entirety. Hall, J.P., Hinds-Radix, Maltese and Barros, JJ., concur.