■ Baolin Liu et al., Appellants, v Westchester Property Management Group, Inc., et al., Respondents. [44 NYS3d 493]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, West-

chester County (Walker, J.), dated December 16, 2015, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Baolin Liu (hereinafter the injured plaintiff) alleged that on December 15, 2013, at approximately 6:35 a.m., while walking out of her co-op unit in Yonkers, she slipped on ice on an exterior landing of a staircase and fell down the stairs to the sidewalk. At the time of the accident, the defendant Westchester Property Management Group, Inc., managed the property for the owner of the premises, the defendant Greystone in Westchester Cooperative 4, Inc. (hereinafter together the defendants). The injured plaintiff, and her husband suing derivatively, subsequently commenced this action against the defendants, alleging negligence and personal injuries. The defendants successfully moved for summary judgment dismissing the complaint, and the plaintiffs appeal.

Under the storm in progress rule, a property owner will not be held responsible for accidents occurring as a result of the accumulation of snow and ice on its premises until an adequate period of time has passed following the cessation of the storm to allow the owner an opportunity to ameliorate the hazards caused by the storm (see Dumela-Felix v FGP W. St., LLC, 135 AD3d 809, 810 [2016]; McCurdy v KYMA Holdings, LLC, 109 AD3d 799 [2013]; Smith v Christ's First Presbyt. Church of Hempstead, 93 AD3d 839, 840 [2012]). On a motion for summary judgment, the question of whether a reasonable time has elapsed may be decided as a matter of law by the court, based upon the circumstances of the case (see Valentine v City of New York, 57 NY2d 932, 933-934 [1982]).

Here, the defendants established their prima facie entitlement to judgment as a matter of law by submitting evidence, including climatological data, demonstrating that they did not have a reasonable opportunity to remedy the dangerous ice condition that was created by the snowstorm (see Valentine v City of New York, 57 NY2d at 933-934; McCurdy v KYMA Holdings, LLC, 109 AD3d 799 [2013]; Lanos v Cronheim, 77 AD3d 631, 632-633 [2010]). In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Rivera, J.P., Chambers, Roman and LaSalle, JJ., concur.