■ VIRGINIA PERLA DE CHICA, Appellant, v EZEQUIEL SALDANA et al., Respondents. [59 NYS3d 794]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Parga, J.), entered December 16, 2016, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured when she slipped and fell on a snow and ice condition on the landing of the front exterior steps of the defendants' home. Thereafter, the plaintiff commenced the instant action to recover damages for personal injuries. The defendants moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion.

Under the storm in progress rule, a property owner will not be held responsible for accidents occurring as a result of the accumulation of snow and ice on its premises until an adequate period of time has passed following the cessation of the storm to allow the owner an opportunity to ameliorate the hazards caused by the storm (see Solazzo v New York City Tr. Auth., 6 NY3d 734 [2005]; Baolin Liu v Westchester Prop. Mgt. Group, Inc., 145 AD3d 942 [2016]; Dumela-Felix v FGP W. St., LLC, 135 AD3d 809 [2016]; McCurdy v KYMA Holdings, LLC, 109 AD3d 799 [2013]; Smith v Christ's First Presbyt. Church of Hempstead, 93 AD3d 839 [2012]). On a motion for summary judgment, the question of whether a reasonable time has elapsed may be decided as a matter of law by the court, based upon the circumstances of the case (see Baolin Liu v Westchester Prop. Mgt. Group, Inc., 145 AD3d at 943; Dumela-Felix v FGP W. St., LLC, 135 AD3d at 809).

Here, the defendants established their prima facie entitlement to judgment as a matter of law by submitting evidence, including climatological data, demonstrating that they did not have a reasonable opportunity to remedy the condition under the storm in progress rule (see Valentine v City of New York, 57 NY2d 932, 933-934 [1982]; Baolin Liu v Westchester Prop. Mgt.

*Group, Inc.*, 145 AD3d at 943; *Lanos v Cronheim*, 77 AD3d 631, 632-633 [2010]). Similarly, the defendants did not have a duty to warn the plaintiff of the open and obvious condition on the front steps (*see Skouras v New York City Tr. Auth.*, 48 AD3d 547 [2008]; *DeMarrais v Swift*, 283 AD2d 540 [2001]). In opposition to the defendants' prima facie showing, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Mastro, J.P., Hall, Cohen and Iannacci, JJ., concur.