Pankratov v 2935 OP, LLC (2018 NY Slip Op 02479)





Pankratov v 2935 OP, LLC


2018 NY Slip Op 02479


Decided on April 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2016-11018
 (Index No. 501129/14)

[*1]Vladimir Pankratov, appellant,
v 2935 OP, LLC, respondent.


Law Office of Yuriy Prakhin, P.C., Brooklyn, NY (Michele Ficarra of counsel), for appellant.
Armienti, DeBellis, Guglielmo & Rhoden, LLP, New York, NY (Mohammad M. Haque of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Carl J. Landicino, J.), dated October 7, 2016. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On January 25, 2014, the plaintiff allegedly slipped and fell on an exterior walkway which was part of premises located at 2935 Ocean Parkway in Brooklyn which the defendant allegedly owned. The plaintiff commenced this action against the defendant to recover damages for personal injuries. After joinder of issue, the defendant moved for summary judgment dismissing the complaint on the grounds that the plaintiff was unable to identify the cause of his fall and that the storm in progress rule applied. The Supreme Court granted the defendant's motion on the ground that the plaintiff was unable to identify the cause of his fall. The plaintiff appeals and we affirm, albeit on a ground different from that relied upon by the Supreme Court.
In support of its motion, the defendant submitted excerpts of the plaintiff's deposition transcript which demonstrated, prima facie, that the plaintiff was unable to identify the cause of his fall without resorting to speculation (see Razza v LP Petroleum Corp., 153 AD3d 740, 741; Amster v Kromer, 150 AD3d 804, 804; Hoovis v Grand City 99 Cents Store, Inc., 146 AD3d 866, 866; Hahn v Go Go Bus Tours, Inc., 144 AD3d 748, 749; Giordano v Giordano, 140 AD3d 699, 700). In opposition, however, the plaintiff raised a triable issue of fact in this regard by submitting a complete copy of his deposition transcript. When the entirety of that transcript is reviewed, it is clear that the plaintiff identified transparent ice as the cause of his fall. Contrary to the defendant's contention, such testimony correlates to the plaintiff's averments regarding the cause of his fall which were set forth in his subsequent affidavit.
However, contrary to the plaintiff's contentions on appeal, the defendant also demonstrated its prima facie entitlement to judgment as a matter of law dismissing the complaint on [*2]the ground that the storm in progress rule applied. A defendant moving for summary judgment in an action predicated upon the presence of snow or ice has the burden of establishing, prima facie, that it neither created the snow or ice condition that allegedly caused the plaintiff to fall nor had actual or constructive notice of that condition (see Talamas v Metropolitan Transp. Auth., 120 AD3d 1333, 1334). "This burden may be established by presenting evidence that there was a storm in progress when the injured plaintiff allegedly slipped and fell" (Smith v Christ's First Presbyt. Church of Hempstead, 93 AD3d 839, 839-840; see Meyers v Big Six Towers, Inc., 85 AD3d 877; Sfakianos v Big Six Towers, Inc., 46 AD3d 665). "Under the so-called storm in progress' rule, a property owner will not be held responsible for accidents occurring as a result of the accumulation of snow and ice on its premises until an adequate period of time has passed following the cessation of the storm to allow the owner an opportunity to ameliorate the hazards caused by the storm" (Marchese v Skenderi, 51 AD3d 642, 642; see Solazzo v New York City Tr. Auth., 6 NY3d 734; Dumela-Felix v FGP W. St., LLC, 135 AD3d 809, 810; McCurdy v KYMA Holdings, LLC, 109 AD3d 799, 799-800; Smith v Christ's First Presbyt. Church of Hempstead, 93 AD3d at 840; Weller v Paul, 91 AD3d 945, 947).
Here, the evidence submitted by the defendant in support of its motion for summary judgment, in particular certified climatological data, the excerpts of the plaintiff's deposition transcript, and an affidavit and report of the defendant's expert meteorologist, demonstrated, prima facie, that a storm was in progress at the time of the accident (see Talamas v Metropolitan Transp. Auth., 120 AD3d at 1334-1335; Meyers v Big Six Towers, Inc., 85 AD3d at 877; Skouras v New York City Tr. Auth., 48 AD3d 547; DeStefano v City of New York, 41 AD3d 528; Dowden v Long Is. R.R., 305 AD2d 631, 631; cf. Lalla v State of New York, 128 AD3d 908). Contrary to the plaintiff's contention, his opposition papers failed to raise a triable issue of fact as to whether the accident was caused by ice that existed prior to the storm, as opposed to precipitation from the storm in progress, and whether the defendant had actual or constructive notice of the alleged preexisting condition (see Smith v Christ's First Presbyt. Church of Hempstead, 93 AD3d at 840; Dowden v Long Island R.R., 305 AD2d 631). In particular, the opinions contained in an affidavit of the plaintiff's meteorological expert as to when and how the alleged ice patch was formed were based on speculation and conjecture (see Butler v Roman Catholic Diocese of Rockville Ctr., 123 AD3d 868, 869).
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.
RIVERA, J.P., COHEN, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court