Autieri v Longi (2018 NY Slip Op 06222)





Autieri v Longi


2018 NY Slip Op 06222


Decided on September 26, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2017-09879
 (Index No. 60434/15)

[*1]John Autieri, appellant, 
v
Charles Longi, et al., respondents.


Vouté, Lohrfink, Magro & McAndrew, LLP, White Plains, NY (John R. Braunstein of counsel), for appellant.
Robert A. Peirce, White Plains, NY (Richard A. Salvato of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Charles D. Wood, J.), dated August 16, 2017. The order, insofar as appealed from, granted the defendants' motion for summary judgment dismissing the amended complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On February 28, 2015, the plaintiff allegedly was injured when he slipped and fell on snow and ice on a landing of an exterior stairway at premises owned by the defendants. The plaintiff commenced this action against the defendants to recover damages for personal injuries, alleging negligent maintenance of the subject stairway. After joinder of issue, the defendants moved for summary judgment dismissing the amended complaint, arguing that there was a storm in progress at the time of the accident and that they did not have a reasonable time to clear any weather-related hazard on the exterior stairway prior to the accident. The Supreme Court, inter alia, granted the defendants' motion, and the plaintiff appeals. We affirm.
Under the storm in progress rule, a property owner will not be held responsible for accidents occurring as a result of the accumulation of snow and ice on its premises until an adequate period of time has passed following the cessation of the storm to allow the owner an opportunity to ameliorate the hazards caused by the storm (see Dumela-Felix v FGP W. St., LLC, 135 AD3d 809, 810; McCurdy v KYMA Holdings, LLC, 109 AD3d 799; Smith v Christ's First Presbyt. Church of Hempstead, 93 AD3d 839, 840). On a motion for summary judgment, the question of whether a reasonable time has elapsed may be decided as a matter of law by the court, based upon the circumstances of the case (see Valentine v City of New York, 57 NY2d 932, 933-934).
Here, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that they did not have a reasonable opportunity to remedy the snow and ice condition that was created by the storm prior to the plaintiff's fall (see Sherman v New York State Thruway Auth., 27 NY3d 1019, 1020-1021; Baolin Liu v Westchester Prop. Mgt. Group, Inc., 145 AD3d 942; Lanos v Cronheim, 77 AD3d 631; Valentine v City of New York, 86 AD2d 381, 383, affd 57 NY2d 932).
The plaintiff, in opposition, failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). Given the plaintiff's deposition testimony regarding the weather conditions, his claim that the snow and ice condition was caused by a defective awning was speculative and, therefore, insufficient to raise a triable issue of fact (see Fisher v Kasten, 124 AD3d 714, 715; Morreale v Esposito, 109 AD3d 800, 801; Coyne v Talleyrand Partners, L.P., 22 AD3d 627, 629; Picerno v New York City Tr. Auth., 4 AD3d 349, 350).
Accordingly, we agree with the Supreme Court's determination to grant the defendants' motion for summary judgment dismissing the amended complaint.
MASTRO, J.P., DILLON, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court