Casey-Bernstein v Leach & Powers, LLC (2019 NY Slip Op 01557)





Casey-Bernstein v Leach & Powers, LLC


2019 NY Slip Op 01557


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2017-09252
 (Index No. 1634/15)

[*1]Susan Casey-Bernstein, et al., appellants, 
v
Leach & Powers, LLC, et al., respondents, et al., defendant (and a third-party action).


Barnes, Catterson, LoFrumento & Barnes, LLP, Garden City, NY (Michael F. LoFrumento of counsel), for appellants.
Connick, Meyers, McNamee & Fitzgerald, PLLC, Mineola, NY (Kristen M. Mitaritonna of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), entered July 19, 2017. The order granted the motion of the defendants Leach & Powers, LLC, and Westbury Operating Corp. for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendants Leach & Powers, LLC, and Westbury Operating Corp. for summary judgment dismissing the complaint insofar as asserted against them is denied.
On February 4, 2014, at 9:00 a.m., the plaintiff Susan Casey-Bernstein (hereinafter the injured plaintiff) allegedly slipped and fell on snow and ice in the exterior parking lot of a hotel in Nassau County. The injured plaintiff had been a guest at the hotel.
The injured plaintiff, and her husband suing derivatively, commenced this personal injury action against the defendant landlord, Leach & Powers, LLC, and the defendant tenant, Westbury Operating Corp. (hereinafter together the defendants), and another defendant. The defendants moved for summary judgment dismissing the complaint insofar as asserted against them, contending, inter alia, that the storm in progress rule applied. The Supreme Court granted the motion, and the plaintiffs appeal.
"Under the storm in progress rule, a property owner will not be held responsible for accidents occurring as a result of the accumulation of snow and ice on its premises until an adequate period of time has passed following the cessation of the storm to allow the owner an opportunity to ameliorate the hazards caused by the storm" (De Chica v Saldana, 153 AD3d 782, 782; see Solazzo v New York City Tr. Auth., 6 NY3d 734, 735; Baolin Liu v Westchester Prop. Mgt. Group., Inc., 145 AD3d 942, 943). On a motion for summary judgment, the question of whether a reasonable time has elapsed may be decided as a matter of law by the court, based upon the circumstances of the case (see Valentine v City of New York, 57 NY2d 932, 933-934; De Chica v Saldana, 153 AD3 at 782; Baolin Liu v Westchester Prop. Mgt. Group., Inc., 145 AD3d at 943). However, " [i]f the storm has [*2]passed and precipitation has tailed off to such an extent that there is no longer any appreciable accumulation, then the rationale for continued delay abates, and commonsense would dictate that the rule not be applied'" (Cheung v New York City Tr. Auth., 106 AD3d 768, 769, quoting Powell v MLG Hillside Assoc., 290 AD2d 345, 345-346; see Fenner v 1011 Rte. 109 Corp., 122 AD3d 669, 670).
Here, the defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them by demonstrating that there was a storm in progress at the time of the plaintiff's accident, or that they did not have a reasonable opportunity after the cessation of the storm to remedy the allegedly dangerous condition (see Morris v Home Depot USA, 152 AD3d 669, 670-671). The climatological data submitted by the defendants showed that there was an accumulation of approximately seven inches of snow, which had ceased to fall by 8:00 p.m. on February 3, 2014, more than 12 hours prior to the accident, and that the temperature was 32 degrees when the storm stopped and dropped below freezing during the time prior to the happening of the accident. Further, the defendants submitted a transcript of the deposition testimony of the injured plaintiff, who testified that the walkway from the hotel to the parking lot was clear while the parking lot was icy and had not been cleared by 9:00 a.m. on February 4, 2014, when the accident occurred. Since the defendants failed to meet their burden on their motion for summary judgment, we need not consider the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
AUSTIN, J.P., MALTESE, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court