Velasquez v Pro Park, Inc. (2019 NY Slip Op 05181)





Velasquez v Pro Park, Inc.


2019 NY Slip Op 05181


Decided on June 26, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
LEONARD B. AUSTIN
BETSY BARROS, JJ.


2018-01626
 (Index No. 63348/15)

[*1]Jose Felipe Velasquez, appellant,
v
Pro Park, Inc., respondent, et al., defendants.


Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Smith Mazure Director Wilkins Young & Yagerman, P.C., New York, NY (Joel M. Simon of counsel), for respondent and defendant Village of Scarsdale.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), dated December 19, 2017. The order, insofar as appealed from, granted that branch of the motion of the defendants Pro Park, Inc., and Village of Scarsdale which was for summary judgment dismissing the complaint insofar as asserted against the defendant Pro Park, Inc.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained when he slipped and fell on ice in a parking lot leased to the defendant Pro Park, Inc. (hereinafter Pro Park). Pro Park and the defendant Village of Scarsdale moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court, inter alia, granted that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against Pro Park, and the plaintiff appeals.
A property owner, or a party in possession or control of real property, will be held liable for an accident involving snow and ice on its property only when it created the dangerous condition that caused the accident or had actual or constructive notice of its existence (see Bennett v Alleyne, 163 AD3d 754, 754-755; Koelling v Central Gen. Community Servs., Inc., 132 AD3d 734, 735). A defendant has constructive notice of a hazardous condition on property when the condition is visible and apparent, and has existed for a sufficient length of time to afford the defendant a reasonable opportunity to discover and remedy it (see Gordon v American Museum of Natural History, 67 NY2d 836, 837-838).
Here, Pro Park demonstrated, prima facie, that it lacked constructive notice of the allegedly dangerous condition on which the plaintiff fell. Specifically, Pro Park demonstrated that no icy conditions existed in the parking lot at the time it was inspected just before closing at 9:00 p.m. the night before the accident, and that the plaintiff's accident occurred at approximately 5:30 a.m. the following morning, before the parking lot opened. Under the circumstances, Pro Park established that it did not have a reasonably sufficient period of time to remedy the allegedly [*2]dangerous condition prior to the plaintiff's accident (see Brandon v Hallivis, 67 AD3d 618, 619). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, we agree with the Supreme Court's determination to grant that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against Pro Park.
DILLON, J.P., BALKIN, AUSTIN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court