Acocal v City of Yonkers (2020 NY Slip Op 00097)





Acocal v City of Yonkers


2020 NY Slip Op 00097


Decided on January 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2017-10925
 (Index No. 70362/15)

[*1]Juan Acocal, appellant-respondent, 
v
City of Yonkers, et al., respondents-appellants.


Scott Baron & Associates, P.C., Howard Beach, NY, for appellant-respondent.
Matthew Gallagher, Corporation Counsel, Yonkers, NY (Dusan Lakic of counsel), for respondents-appellants.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, and the defendants cross-appeal, from an order of the Supreme Court, Westchester County (Linda S. Jamieson, J.), dated August 28, 2017. The order, insofar as appealed from, in effect, denied those branches of the plaintiff's cross motion which were for partial summary judgment pursuant to CPLR 3212(e) determining that the defendants owned the property at issue and, in effect, for summary judgment dismissing the defendants' first affirmative defense. The order, insofar as cross-appealed from, in effect, denied the defendants' motion for summary judgment dismissing the amended complaint.
ORDERED that the order is affirmed insofar as appealed from; and it is further,
ORDERED that the order is reversed insofar as cross-appealed from, on the law, and the defendants' motion for summary judgment dismissing the amended complaint is granted; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The plaintiff commenced this personal injury action against the defendants, City of Yonkers and the Yonkers Board of Education, incorrectly sued herein as the Department of Education of the City of Yonkers, alleging that he sustained injuries when he slipped and fell on snow in a parking lot that was owned by the defendants. Following the completion of discovery, the defendants moved for summary judgment dismissing the amended complaint on the ground, inter alia, that the storm in progress doctrine precluded recovery. The plaintiff cross-moved, among other things, for partial summary judgment pursuant to CPLR 3212(e) determining that the defendants owned the property on which he fell and, in effect, for summary judgment dismissing the defendants' first affirmative defense. The Supreme Court, in effect, denied the defendants' motion and those branches of the plaintiff's cross motion which were for summary judgment. The plaintiff appeals, and the defendants cross-appeal.
The defendants were entitled to summary judgment dismissing the amended [*2]complaint based upon the storm in progress doctrine. "Under the storm in progress rule, a property owner will not be held responsible for accidents occurring as a result of the accumulation of snow and ice on its premises until an adequate period of time has passed following the cessation of the storm to allow the owner an opportunity to ameliorate the hazards caused by the storm" (Baolin Liu v Westchester Prop. Mgt. Group, Inc., 145 AD3d 942, 943). The question of whether a reasonable time has elapsed may be decided by the court as a matter of law in determining a motion for summary judgment, based upon the circumstances of the case (see id. at 943; see also Valentine v City of New York, 57 NY2d 932, 933-934; Rabinowitz v Marcovecchio, 119 AD3d 762, 762).
Here, in support of their motion for summary judgment, the defendants established their prima facie entitlement to judgment as a matter of law by submitting evidence that approximately two inches of snow had fallen in the two hours that preceded the plaintiff's alleged fall, and that snow continued to fall at the time at which the plaintiff contends that he fell. The defendants also submitted the plaintiff's deposition testimony wherein he admitted that snow was falling as he drove his son to school. He also testified that, on the day at issue, he left his house to drive his son to school sometime between 8:00 a.m. and 8:15 a.m., and he arrived at the school at approximately 9:00 a.m. Since the plaintiff alleged that his fall happened as soon as he exited his vehicle at the school, the evidence demonstrated, as a matter of law, that a reasonable time had not elapsed for the defendants to remove the snow and/or ice which the plaintiff has alleged caused him to fall (see Baolin Liu v Westchester Prop. Mgt. Group, Inc., 145 AD3d at 943; Rabinowitz v Marcovecchio, 119 AD3d at 762).
The plaintiff's affidavit submitted in opposition to the defendants' motion, in which he asserted that there was no snow falling when he reached the school, did not raise a triable issue of fact. The plaintiff failed to show that his travel to the school was of such a long duration that a reasonable time could have elapsed from the time snow was falling during his drive to the school to the time that he contends it stopped before his arrival at the school (see e.g. Valentine v City of New York, 57 NY2d 932; Smith v Christ's First Presbyt. Church of Hempstead, 93 AD3d 839, 840). Moreover, the plaintiff's assertion in his affidavit that no snow was falling when he drove his son to school raised only a feigned issue of fact designed to avoid the consequences of his prior deposition testimony (see Marchese v Skenderi, 51 AD3d 642, 642-643).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, although we agree with the Supreme Court's determination to deny those branches of the plaintiff's cross motion which were for summary judgment, the court should have granted the defendants' motion for summary judgment dismissing the amended complaint.
CHAMBERS, J.P., AUSTIN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court